## THE PEOPLE OF THE STATE OF CALIFORNIA, Respondents, v. DAVID DAVIDSON and MICHAEL KENNEDY, Appellants.

Under the law of this State an accessory is treated as a principal, and as if the person charged as such had committed the offense.

It is not error to charge a principal and accessory in the same indictment.

APPEAL from the Court of Sessions of Placer County.
The facts appear in the opinion of the Court.

*B. F. Myers* and *W. S. Long*, for Appellants.
Argued that the judgment should be reversed, because the indictment charged more than one offense.

*J. R. McConnell*, Attorney General, for Respondents.
Cited Comp. Laws, p. 639, § 11.

BRYAN, J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

This cause was tried in the Court of Sessions, for Placer County, upon an indictment charging the defendants with an assault with intent to commit murder, in the first count of the indictment; and in the second count charging the defendant, Kennedy, with aiding and abetting an assault with intent to commit murder, as an accessory. Upon this indictment, the defendant Davidson, having elected to be tried separately, the jury found him guilty of an "assault with a deadly weapon, with the intention of committing great bodily injury."

The indictment in charging Davidson and Kennedy with an assault with an intent to commit murder, and afterwards Kennedy with being an accessory, charges but one offense. The eleventh section of the Act concerning Crimes and Punishments, makes any person aiding or assisting, or advising and encouraging the perpetration of a crime, a principal, and that he or she shall be punished accordingly. Under the law of this State, the accessory is treated as a principal, and, as if the person charged as such had committed the offense. It is not error to charge the defendant as principal and accessory in the same indictment.

The verdict of the Jury which finds the defendant guilty of an "assault with a deadly weapon, with intent to commit great bodily injury," is regular, and we deem that it finds the defendant guilty of a public offense. Section 424, of the Act regulating Proceedings in Criminal Cases, provides—that in all cases a person may be found guilty of an offense, the commission of which is necessarily included in that with which he may be charged in the indictment.

To find the defendant guilty of an "assault with intent to commit great bodily injury," is necessarily included in the charge of an assault with intent to commit murder. We find no error in the record sent up.

The judgment below is therefore affirmed with costs.