# THE PEOPLE *v.* CHARLES ENGLISH.

INDICTMENT FOR ASSAULT WITH INTENT TO COMMIT MURDER.—An indictment for an assault with intent to commit murder is sufficient if it charge that the defendant feloniously assaulted the person injured with a pistol loaded with powder and

ball, with intent, of malice aforethought, to kill and murder him, without charging the particular acts constituting the assault.

JURY MUST JUDGE OF FACTS.—The jury in a criminal case are the exclusive judges of the facts.

TRIAL FOR ASSAULT WITH INTENT TO COMMIT MURDER.—On a trial for an assault with intent to commit murder, an instruction by the Court to the jury, that they cannot take into consideration the acts of the defendant subsequent to the assault charged in the indictment, except so far as those acts tend to establish the theory that the defendant acted in self defense, is not erroneous as a violation of any legal principle. If wrong, it can only be made so by its application to the facts of the case.

VERDICT OF JURY IN CASE OF ASSAULT WITH DEADLY WEAPON.—On a trial for assault with intent to commit murder, a verdict of the jury finding the defendant " guilty of an assault with a deadly weapon with intent to inflict a bodily injury" is sufficient to sustain a judgment subjecting the accused to confinement in the State Prison.

VERDICT OF GUILTY OF AN OFFENSE NOT CHARGED IN INDICTMENT.—If the defendant is convicted of an offense of a lesser grade than that for which he was indicted, and the lesser offense is included in the greater, the verdict is followed by the same judgment as though the defendant had been indicted for the offense of which he was convicted.

APPEAL from the County Court, Solano County.

The indictment was as follows :

" The said Charles English is accused by the grand jury of the County of Solano, by this indictment, of the crime of an assault with an intent to commit murder, committed as follows: The said Charles English, on the 6th day of September, 1865, at the County of Solano, with a certain pistol loaded with powder and ball, which he, the said Charles English, in his left hand then and there had and held in and upon one Warren Perry Derbin, feloniously did make an assault with an intent him, the said Warren Perry Derbin, feloniously, wilfully, and of his malice aforethought, to kill and murder, and other wrongs to the said Warren Perry Derbin, then and there did, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of California."

The Court sentenced the defendant to imprisonment in the State Prison for the term of two years.

The other facts are stated in the opinion of the Court.

*M. A. Wheaton,* for Appellant, argued that an assault was a legal conclusion drawn from certain facts, which facts should be stated in the indictment; and that the indictment was fatally defective in not stating those facts, and referred to Criminal Practice Act, Secs. 235–239, 246; *People* v. *Aro,* 6 Cal. 209; and *People* v. *Shuler,* 28 Cal. 490. He also argued that as the indictment charged only an assault with intent to commit murder, and the verdict did not find that the circumstances of the assault showed an abandoned and malignant heart, or that no considerable provocation appeared, the Court should have adjudged the defendant guilty of a simple assault only.

*J. G. McCullough, Attorney-General,* for the People, argued that the indictment was sufficient, as it followed the words of the Act creating the offense, and cited 1 Hittell's Digest, Art. 1,452; *People* v. *King,* 27 Cal. 509; and *People* v. *Ah Woo,* 28 Cal. 205. He also argued that the verdict showed that the defendant was convicted under the second subdivision of section fifty of the Act concerning crimes and punishments, and that the defendant might be convicted of this offense under the indictment, and cited 1 Hittell's Dig., Art. 2,011; *People* v. *Davidson,* 5 Cal. 134; and *People* v. *Vanard,* 6 Cal. 562.

By the Court, Shafter, J.:

The indictment charges in substance that the defendant feloniously assaulted one Derbin with a pistol loaded with powder and ball, with intent him, the said Derbin, of his malice aforethought, to kill and murder.

First—The demurrer to the indictment was properly overruled. The indictment contains all the terms that enter into the description of the offense as given in the statute, together with allegations relating to the character of the weapon used. (*People* v. *Garcia,* 25 Cal. 531.)

Second—After the jury had retired to deliberate upon their verdict they returned into Court and asked " to be informed

whether or not the assault made by Derbin on English outside of the door should be considered by them." To this the Court replied in effect that it could not assume that any such assault was made, and that the question of fact was with them; and they were further told that "the acts of the defendant subsequent to the assault alleged could not be considered by them except so far as they tended to establish the theory that the defendant acted in self defense."

The Court was right in both branches of its response. Clearly so as to the first, and as to the last, right by presumption, for the contrary does not appear. The testimony is not in the record, and if the instruction was erroneous the point could be established in no other way than by the production of the evidence. It cannot be claimed that the instruction violates any legal principle in the abstract. The suggestion that the instruction is erroneous for the reason that it virtually forbids the jury, in passing upon the question of intent, to consider the subsequent acts of the defendant, is not tenable. The difficulty is in seeing how the subsequent acts of the defendant could have any bearing upon the question of self defense. But if the charge was erroneous in that respect the mistake was in the defendant's favor.

Third—The jury found the defendant "guilty of an assault with a deadly weapon with intent to inflict a bodily injury upon W. P. Derbin."

It is insisted "that the verdict under the indictment amounts only to a conviction of an assault." We consider the legal effect of the verdict to be commensurate with its terms. The offense for which the defendant was indicted was of a higher grade than that for which he was convicted (1 Hit. Dig., page 239, Section 50;) still as the offense of which he was found guilty is included in the crime with which he was charged, the verdict is to be followed by the same consequences that would have attended it had the indictment charged the lesser offense in terms.

It is true that the verdict does not state that "no consider-

28

able provocation appeared," nor "that the circumstances of the offense show an abandoned and malignant heart;" still averments to that effect are not essential in an indictment, and it follows that a finding on neither point is essential to a verdict subjecting the accused to confinement in the State Prison. It is enough, if it is found that the assault was with a deadly weapon and with intent to inflict bodily injury. (*People* v. *Nugent*, 4 Cal. 341; *People* v. *Kennedy*, 5 Cal. 134; *People* v. *Vanard*, 6 Cal. 562.)

Judgment affirmed.