2,278.

Ex PARTE AH CHA, AND THREE OTHER CHINAMEN, ON HABEAS CORPUS.

CRIMINAL PRACTICE.—The verdict of a jury in the trial of an indictment for the crime of an "assault to commit murder," which found the defendants guilty of "an assault to commit great bodily injury," imports nothing more than that the defendants were guilty of a simple assault, which is a misdemeanor only.

IDEM.—A judgment upon a conviction of a misdemeanor only, which adjudges the defendant to be punished by imprisonment in the State prison, is absolutely void.

WALLACE, J., delivered the following opinion: [at Chambers.]

These Chinamen have been brought before me upon a writ of habeas corpus, to which writ the Warden of the State Prison makes return that he detains them in custody by virtue of a judgment of the County Court of San Bernardino County, a copy of which is annexed to the return, and by which it appears that the prisoners, having been indicted of the crime of "an assault to commit murder," were found guilty by the jury of "an assault to commit great bodily injury" only. Upon the verdict they were adjudged by the Court to be "punished by a fine of $500 each, and in default of payment of said fine, be punished

by imprisonment in the State Prison of the State of California for the term of two years each."

The statute under which these persons were convicted is Section 50 of the Act concerning crimes and punishments. It will be seen that the verdict here, while it acquits the accused of the alleged attempt to *commit murder*, and finds them guilty of "an assault to commit great bodily injury," does not find that this assault was made with a deadly weapon, instrument, or other deadly thing. It therefore imported nothing more on its face than that the defendants were guilty of a simple assault under Section 49, which is a misdemeanor merely, upon conviction of which a fine not exceeding $500, or imprisonment in the County Jail not exceeding three months, may be imposed. That the verdict, as rendered against these Chinamen, does not import a conviction of a felony, was decided by the Supreme Court in the *People* v. *Vanard*, (6 Cal. 562), where the verdict (found upon an indictment similar to this one) was "guilty of an assault with the intent to do bodily injury," and the Court says that it is necessary, in order to support a conviction of an assault with a deadly weapon, "that the weapon or instrument with which the assault was committed should be alleged and found, as the fact that the assault was made with a deadly weapon, etc., is of the substance and distinguishes it from an ordinary assault. It was accordingly determined in that case that the prisoner had been found guilty of a misdemeanor only, and that she could not be punished for a felony. In the much more recent case of the *People* v. *English*, (30 Cal. 214), the question of the sufficiency of a verdict found under this statute was again presented to the Court. The indictment in that case, as in this and the Vanard case, was for an assault with intent to commit murder. The verdict, as found, was "guilty of assault with a deadly weapon, with intent to inflict bodily injury," etc.

The Court held this verdict sufficient, because it found that the assault was made with a deadly weapon, within the decision in the Vanard case, which was cited as laying

down the correct rule as to what such a verdict should contain.

The judgment here was not merely erroneous; it was absolutely void. It shows upon its face that these persons had been by the verdict acquitted of the charge of a felonious assault, and convicted of a misdemeanor only; nevertheless it proceeds to adjudge that they be punished by imprisonment in the State Prison—a punishment not permitted by law upon conviction of a mere misdemeanor.

The prisoners must be discharged from custody by the Warden, and it is so ordered.