## EX PARTE MAX.

ASSAULT TO DO GREAT BODILY INJURY.—A verdict on an indictment for an assault with intent to commit murder, finding " the defendant guilty of an assault to do great bodily injury," is a verdict for a misdemeanor merely, and does not warrant an imprisonment in the State Prison.

HABEAS CORPUS.—Questions of mere error cannot be inquired into upon habeas corpus.

DISCHARGE OF PRISONER ON HABEAS CORPUS.—If, on an indictment for assault with intent to commit murder, the jury find the defendant guilty of an " assault to do great bodily injury," and the verdict is received and recorded by the Clerk, and the jury, under instructions from the Court, then retire and find the defendant guilty of an assault with a deadly weapon, with an intent to inflict bodily injury, without considerable provocation, and the last verdict is received and recorded and the prisoner is adjudged guilty of a felony and sentenced to the State Prison, it is mere error, which must be corrected by appeal, and does not render the judgment void so as to warrant the discharge of the prisoner on habeas corpus.

THE prisoner, Joseph Max, petitioned to be discharged on habeas corpus.

The other facts are stated in the opinion.

*W. S. Montgomery*, for Petitioner.

By the Court, Wallace, C. J.:

It appears by the petition and a transcript of the bill of exceptions filed as part of it, that the petitioner was tried in the County Court of Stanislaus County upon an indictment for the crime of assault with intent to murder one Charles Gilbert, to which indictment the prisoner had pleaded not guilty. The evidence having been concluded, the jury retired under the instructions of the Court to consider of their verdict, and subsequently returned into Court with a verdict as follows:

"We, the jury in the case of *The People of the State of California* v. *Joseph Max*, find the defendant guilty of an assault to do great bodily injury."

Upon being inquired of, they stated the foregoing was their verdict, and thereupon it was received and was recorded by the Clerk.

The bill of exceptions then proceeds as follows: "The Court then directed the jury to retire in custody of the Sheriff, and amend their verdict to conform to the phraseology of the law. The defendant then excepted to the alteration of the verdict of the jury, the same having been received and recorded by the Clerk. Subsequently the jury returned the following verdict: 'We, the jury in the above entitled cause, find the defendant guilty of an assault with a deadly weapon upon the person of Charles Gilbert, with an intent to inflict bodily injury, without considerable provocation.'" This latter verdict was then received by the Court and was recorded, and thereupon the prisoner was adjudged guilty of a felony, and was accordingly sentenced to imprisonment in the State Prison, where he is now detained in pursuance of the sentence.

There is no doubt that the first verdict was one for a misdemeanor merely (*People* v. *Vanard*, 6 Cal. 562 ; *People* v. *English*, 30 id. 214); and being such, would not warrant a judgment of imprisonment in the State Prison. In those cases, however, the question arose upon direct appeal from the judgment, and was a question considered in error only. The application for the writ of habeas corpus made here proceeds upon the ground that the judgment, under the circumstances appearing, is not merely erroneous, but is void in the absolute sense, and so affords no authority to the Warden of the prison to detain the petitioner.

We are of opinion, however, that the position cannot be maintained. The indictment upon which the judgment is founded is sufficient in all respects; the offense of which the petitioner was convicted was one within the scope of the indictment, and the judgment one which the County Court had the authority to render upon the appearance and plea of the petitioner. These conditions constitute jurisdiction; all others involve questions of mere error, and the latter cannot be inquired into upon writ of habeas corpus, but only upon proceedings in error.

This obvious distinction between the office of a writ of error or an appeal, on the one hand, and a writ of habeas corpus upon the other, was not presented, but was overlooked in *Ex Parte Ah Cha et als.*, 40 Cal. 426, which was a writ of habeas corpus heard and determined at chambers, and that case must in that respect be overruled.

The application for the writ is denied, with leave to the counsel for the petitioner to withdraw the bill of exceptions.