### KING *v.* THE STATE, 5 Howard, 730.

#### HOMICIDE.

Since the passage of the act of 1836, regulating the proceedings in criminal cases, the special *venire facias* in criminal cases will not be quashed for any cause, except for partiality or corruption of the officer summoning the jury by virtue of such special *venire facias.*

If there be a deficiency of jurors present, summoned by virtue of said *venire facias*, it is competent for the court to order the sheriff to summon others from the by-standers until the jury is completed.

The foreman of the grand jury is competent as a prosecutor, and may be marked as such upon the indictment.

It is not necessary that the grand jury should return with the indictment, the names of the witnesses, or the evidence taken before them. The only return required of them is, whether or not they find a true bill. Nor is it necessary that the record should show that the witnesses were sworn; the presumption will be that they were.

A juror who, being sworn and challenged, answered that he had formed an opinion with regard to the guilt or innocence of the prisoner, from rumor only, and that his mind was free to act upon the testimony that might be adduced before him, is competent. [1]

A juror must be sworn and challenged before he can be interrogated as to his competency as a juror. [2] Chit. Cr. Law, 546; 2 Burr's Trial, by Carpenter, 70, 71, 72.

On an indictment for murder, the prisoner may be acquitted of the murder and found guilty of manslaughter. [3] The old rule not being affected by the criminal code of 1838.

[1] Ogle v. State, 33 Miss., 383; State v. Johnson, Walk., 392; Wharton Am. Cr. Law, 3004, 3011, 3026; Nelms v. State, 13 S. & M.; Same v. State, 13 S. & M.,500; Cotton v. State, 31 Miss., 504; State v. Potter, 18 Conn., 166; Spence v. Commonwealth, Virg, Cases, 375; Brown v. Commonwealth, 11 Leigh, 769; Pollard v. Commonwealth, 5 Randolph, 659; Heath v. Commonwealth, 1 Robinson, 735; State v. Benton, 2 Dev. & Bat., 196; State v. Ellington, 7 Iredell, 61; Hudgins v. State, 1 Kelly, 193; John v. State, 16 Georgia, 200; State v. Williams, 3 Stew., 454; Hewenton v. State, Meigs, 262; McGregg v. State, 4 Blackf., 106; Smith v. Eames, 3 Scam., 78; Gardner v. People, ib., 88; Sellers v. People, ib., 414; Baker v. People, 3 Gilman, 368; State v. Flower, Walk., 318; Armstead v. Commonwealth, 11 Leigh, 657; Heath v. Commonwealth, 1 Robinson, 735; People v. Rathbun, 21 Wend,, 509; 1 Burr's Trial, 416.

[2] Wharton's Am. Cr. Law, 3027; Johnson v. State, Walk., 392; State v. Flower, ib., 318; Commonwealth v. Jones, 1 Leigh, 598; 12 East., 231; Commonwealth v. Webster, 5 Cush., 298; Gillespie v. State, 8 Yerg., 507.

[3] State v. Gafney, Rice, 431; People v. Doe, 1 Manning, 451; Commonwealth v. Gale, 7 S. & R., 423; Brooks v. State, 3 Humph., 25; State v. Dowd, 19 Conn., 388; Hurt v. State, 25 Miss., 378; Reynolds v. State, 1 Kelly, 222.

Error to the circuit court of Hinds county.

The plaintiff in error was indicted for the murder of James M. Farrar, and found guilty of manslaughter at the November term, 1839.

*Michell, Mayes & Foote,* for plaintiff in error.

*Collins,* attorney general.

TURNER, J.:

This case comes before us by a writ of error from the circuit court of Hinds county. The plaintiff assigns fourteen errors, which are as follows, to wit:

1. That the original writ of *venire facias* returnable to the term of the circuit court of Hinds county, Mississippi, and the same at which the bill of indictment in this case was found, does not command the sheriff of Hinds county to summon such a number of good and lawful men, *citizens and freeholders and householders of said county.*

2. That the said writ is not under the seal of said court.

3. That the said sheriff does not, in his return, show that the persons summoned by him as jurors, were citizens of the county of Hinds, in said state.

4. That part of the grand jurors were not legally summoned by any writ of *venire facias,* with or without seal, but made up of the *by-standers* by mere verbal authority.

5. That the plea to the *venire facias* ought to have been sustained, and not overruled, as it was by the court.

6. That the special *venire facias* issued in this case was not under the seal of the court.

7. That the said special *venire facias* does not command the sheriff to summon one hundred good and lawful *men,* citizens and freeholders and householders of Hinds county.

8. That the return of the sheriff does not show that the jury summoned by him were good and lawful men, citizens of said county, and freeholders and householders.

9. There is no one marked as prosecutor on said bill of indictment, except by mere intendment.

10. That the foreman of the grand jury cannot rightfully

mark his name on the back of a bill of indictment found and endorsed, or to be found and endorsed by him, a true bill.

11. That the record nowhere shows that the bill of indictment was found by the grand jury, on any evidence whatever, from witnesses sworn at the clerk's table, and sent to them by the order of the court or otherwise.

12. That the prisoner, on his trial, was by the court deprived of his right of challenge for partiality in the juror Lord Ware, who said he had formed and expressed an opinion, from rumor, as to the guilt or innocence of the prisoner, and of several others in the same situation, and was compelled to challenge them peremptorily.

13. That the court erred in not arresting the judgment in this case.

14. That there is manifest error in this, that the court overruled the motion for a new trial.

The first eight of these assignments of error, relate to the *venire facias* and matters pertaining thereto; none of which do we consider sufficient to arrest or reverse the judgment.

The act of 1836, found in How. & Hutch. Statute Laws of Mississippi, 498, § 67, provides, that "hereafter no challenge to the array shall be sustained, nor shall any *venire facias* be quashed by any court of justice in this state for any cause whatsoever; provided, however, that in capital cases any *special venire facias* may be quashed, for partiality or corruption in the officer summoning the jury, by virtue of such special *venire facias*, but for no other cause whatsoever."

This statute has received the judicial construction of this court in the case of Hare v. the State, and other cases decided at the last January term; and according to those decisions there is no error in the record as to the *venire facias*. The proceedings appear to have been regular, according to law, and the usage of the court. The usual mode of drawing took place, a *venire facias* issued, and was returned, and a grand jury was drawn, a foreman appointed, and they were all sworn. It is true there appears to have been a deficiency of jurors in attendance, and the court ordered others to be summoned from the by-standers. We perceive no irregularity in this course of pro-

ceeding, and the prisoner appears to have had a fair trial by a
jury of his county. If, on the trial, a person should be called,
to be sworn on the jury, the prisoner as well as the state, has
a right to challenge the juror, and try the matter before the
court, and if the court makes an illegal decision, it should ap-
pear by a bill of exceptions taken at the time. None such
appears in the record. The plea filed to the *venire* was over-
ruled, as it was contrary to the statute above cited.

The ninth assignment of error, and the tenth, state that there
was no prosecutor marked on the indictment, except by mere
intendment, and that the foreman of a grand jury cannot right-
fully be a prosecutor in the case.

It appears by the record, that Edwin Shumway was marked
as the prosecutor, and that Edwin Shumway acted under the
appointment of the court, as foreman of the grand jury.

We do not think there is anything illegal in this. We see no
reason why the person appointed by the court as foreman of the
grand jury, may not be a prosecutor, as well as any other one
of the grand jury. Unless expressly disqualified by law, he is
as competent to prosecute as any other person. Any one mem-
ber of a grand jury may be a prosecutor or an informer. It is
their peculiar province to inform against, and present all offend-
ers against the criminal laws of the state.

The eleventh assignment of error sets forth, " that the record
nowhere shows that the bill of indictment was found by the grand
jury, on any evidence whatever, from the witnesses sworn at the
clerk's table, and sent to them by order of the court or otherwise."

It is not necessary that the grand jury should make return of
the witnesses examined, or the evidence taken before them. The
only return they are required to make, is whether they find a
true bill or not. But the record does show, and gives the names
of several witnesses, immediately above the return and signature
of the foreman. If there had been any question, whether the
witnesses were sworn, the fact should have been brought to the
notice of the court, and the opinion of the court taken. The
prisoner's counsel, in the grounds taken for a new trial, say,
that "it does not appear that the witnesses who were carried
before the grand jury, were actually sworn to give evidence."

It is not alleged that *they were not sworn*, it only says that "*it does not appear* that the witnesses were sworn." Well, the court, no doubt, knew that they were sworn, as that ceremony takes place in open court, at the clerk's table, and the same course of proceeding takes place in relation to the witnesses sworn on the trial. It is not the practice of our courts to make a record of the names, or of the swearing of the witnesses, called to testify in trials at bar, or before our grand juries; and all the ends of justice, and of fair and legal trials, can be attained without such record being made.

The twelfth assignment of error is this: " That the prisoner on his trial, was by the court deprived of his right of challenge for partiality in the juror Lord Ware, who said he had formed and expressed an opinion from rumor, as to the guilt or innocence of the prisoner, and several others in the same situation, and was compelled to challenge them peremptorily."

The bill of exceptions, as to this point, states, "that on the trial of this cause, when the first juror, Lord Ware, was called, the court asked him if he was a householder or a freeholder, and if he had formed or expressed an opinion as to the guilt or innocence of the defendant. To the first branch of the question the prisoner answered in the affirmative; and to the second, he answered that he had formed an opinion from rumor. The court then asked him if his mind was free to act upon the testimony that might be adduced before him. And he answered that it was. The court decided that the juror was competent, and that the defendant could not object to him without cause. The juror was then challenged peremptorily by the prisoner. The same, as above, occurred in regard to several other jurors, all of whom the court decided to be competent jurymen."

On looking into this ground of error the same view occurs to me as did in the case of the State v. Flower, reported in Walker, 318. The juror was not challenged by either party, nor sworn to answer questions. It is a settled rule that neither party has a right to interrogate a juror until he is challenged. 1 Chitty Cr. Law, 546. 2 Burr's Trial, by Carpenter, 70-1-2.

But, supposing the challenge to have been made, and the juror sworn to try the issue, which he was not, being after-

wards challenged peremptorily by the prisoner, did the court err in its opinion? We think not. The principles of law which apply to and govern this case, have been well ascertained and settled, on the most satisfactory and rational grounds, in this, and in other states, and we do not deem it necessary to sum them up or to discuss them again. See Walker's R., 318, 392, in which cases, four of the judges of the old supreme court of this state concur in opinion, that a hypothetical opinion, formed on rumor, subject to be changed by evidence on the trial, does not disqualify a person from sitting on a jury. 3 Stewart's R., 465.

In this case the juror did not state that he had *expressed* his opinion; and for this reason, likewise, the case is not as much in favor of the positions assumed by the prisoner, as those which have heretofore been decided.

The 13th and 14th assignments of errors, are that the court erred in overruling the motions for a new trial and in arrest of judgment. These points are disposed of in the foregoing remarks, with one exception; and that is, that on an indictment for murder, it is not competent for the jury to find the prisoner guilty of manslaughter; and the statute found in Howard & Hutchinson Code, 726, § 22, as well as the constitution of our state is relied on by the prisoner's counsel.

By the common law, there are several classes of criminal cases, where the accused may be acquitted of the crime charged, but found guilty of an inferior degree of the same offense; as in the case of murder, burglary, grand larceny, and assault and battery; and the statute in question having created several new degrees of offenses, it was reasonable and proper, that the provisions contained in the said twenty-second section should have been made; and the rule there laid down, merely carries out, extends and recognizes the rules and principles of the old law, and adapts them to the new grades of offense created, for the first time, by the provisions of the new criminal code, passed in 1838.

The language of the twenty-second section is general: "Upon an indictment for any offense, consisting of different degrees, the jury may find the accused not guilty of the offense in the degree charged in the indictment, and may find such accused

person guilty of any degree of such offense inferior to that charged in the indictment, or of an attempt to commit such an offense." If this statute had declared explicitly that this provision should apply only to cases arising under the statute, and to no other case, the old law on the subject would probably have been abolished. But it is not so; and we know of no rule of construction which would justify a different interpretation, of the twenty-second section.

The judgment must be affirmed.