# THE STATE OF NEVADA, Respondent, v. H. L. ROBEY, Appellant.

Assault with Intent to Murder—Sufficiency of Indictment. An indictment charging that defendant "without authority of law and with malice aforethought did shoot at William Newsom with a shot-gun loaded with leaden bullets, with intent to kill him, the said William Newsom," etc., is a sufficient indictment of the statutory offense of assault with intent to commit murder.

Assault with Deadly Weapon, etc., Included in "Assault with Intent to Murder." An indictment charging an assault with intent to commit murder will sustain a conviction of an assault with a deadly weapon with intent to inflict a bodily injury.

Construction of Statute Adopted from Another State. When a statute has received a judicial construction and is afterwards adopted by another state, the construction as well as the terms of the statute will be deemed adopted.

Indictment for Felonious Assault—Non-essentials. It is not essential that an indictment or verdict for an assault with a deadly weapon with intent to inflict a bodily injury should state that the offense was committed "without considerable provocation" or "where the circumstances show an abandoned and malignant heart."

Appeal from the District Court of the First Judicial District, Storey County.

The defendant having been convicted of an assault with a deadly weapon with intent to inflict bodily injury, and sentenced to imprisonment in the State prison at hard labor for one year, took this appeal from the judgment.

*Robert M. Clarke,* for Appellant.

I. To constitute the crime of "assault with intent to murder," the assault and the intent to murder must concur. It requires the *act* and *intent* combined to constitute the crime. If either be absent the offense is not committed. 1 Bishop's Crim. Law, Sec. 729. And since the crime charged consists in the fact of assault and the intent to murder, both must be alleged in the indictment. 2 Bishop's C. P. Sec. 78; 4 Iowa, 477; 8 Iowa, 413. Tested by these general principles which are universally affirmed by the authorities, the indictment in this case is fatally bad. 1st. It does not contain the statutory word "assault," nor does it state the facts

State v. Robey.

which in law constitute an assault.    Under the statute in addition to the unlawful attempt, there must exist "a present ability to commit a violent injury."    To shoot at is not necessarily an assault.    It may be the "person" shot at was out of reach, in which case the "present ability" does not exist.    *State* v. *Swartz*, 8 Ind. 524; *State* v. *Napper*, 6 Nev. 113.    2d.    It does not charge the intent to have been to "murder."    The specific intent to murder is that which the statute punishes and that alone which lifts the offense from a simple misdemeanor into a felony; and since all killing is not murder it cannot be sufficient to charge an intent "to kill" merely.    1 Russ. on Crimes, 719; 3 Greenleaf's Ev. Sec. 17; *State* v. *Hailstock*, 2 Blackf. 257; *State* v. *Patrick*, 3 Wis. 812.    3d.    The indictment is upon the statute and should pursue the technical words of the statute.    1 Bishop C. P. Sec. 612.    It is not enough to charge the shooting to have been unlawful and with malice aforethought; for these words simply qualify the assault and do not and cannot be made to elevate the specific intent to kill into the intent to murder.    It was, to say the least, necessary to allege the intent to kill to have been "unlawful and of malice aforethought."    2 Bishop C. P. Sec. 77; Archb. Crim. Pl. & Ev. 438.

II.    Granting the indictment sufficient as an indictment for "assault with intent to murder," still it is not sufficient as an indictment for "assault with a deadly weapon with intent to inflict upon the person of another a bodily injury where no considerable provocation appears," etc.    It does not charge an intent to do a bodily injury; and since the defendant is not accused of this specific intent the accusation is not sufficient to support a conviction of it.    Nor does it appear, nor can it be inferred from the indictment, that the assault was made without "considerable provocation."    For although if death had resulted, the crime might have been murder, nevertheless "considerable provocation" might have existed.    *Carpenter* v. *The People*, 4 Scam. 197.

III.    It is not a felony to assault a person with a deadly

21

weapon with intent to inflict a bodily injury, where there is considerable provocation. The absence of provocation is of the substance of the crime. *Carpenter* v. *The People,* 4 Scam. 197. That an assault with a deadly weapon with intent to do bodily injury is not necessarily included in an assault with intent to murder, conclusively appears from the fact that the latter may be committed without a deadly weapon, whereas the former can only be committed with a deadly weapon. Crimes Act, Sec. 47.

IV. An indictment for assault with intent to commit murder will not support a conviction for assault with a deadly weapon with intent to do bodily injury. The specific intent constitutes the crime in either case. And the intent in the cases is different. 1 Russ. on Crimes, 719; 3 Greenleaf Ev. Sec. 17; 1 Wharton's C. L. Sec. 1279; 1 Bishop C. L. Secs. 729–735; *Roberts* v. *The People,* 24 Mich. 511; *Bonfanti* v. *The State,* 2 Minn. 123; 37 Me. 468; *Ogletree* v. *The State,* 28 Alabama, 693; *State* v. *Morman,* 24 Miss. 54; *Carpenter* v. *The People,* 4 Scam. 197.

*L. A. Buckner,* Attorney General, for Respondent.

I. The word " assault " although a technical word is not indispensable in an indictment for the offense charged; a statement of the facts necessary to constitute the offense is all that is essential and such words are used in this indictment. It is true the word " murder " is not in the indictment; but that word, like the word assault, is technical; and the same remarks used in relation to the word assault applies with equal force to the word " murder."

II. The indictment is good as one for an " assault to commit murder," because it pursues the form of such an indictment, which is given in the Criminal Practice Act, and because the sufficiency of such an indictment has been adjudicated in this court and pronounced good. *State* v. *O'Flaherty,* 7 Nev. 153. If murder is the unlawful killing of a human being with malice aforethought, the indictment does state that the acts to perpetrate this offense by the

State v. Robey.

defendant on William Newsom were attempted but were not successfully executed—that is, did not eventuate in death.

III.   It has been decided in *People* v. *Davidson*, 5 Cal. 134, that an assault with intent to commit great bodily injury is necessarily included in the charge of "an assault with an intent to commit murder." See also, *People* v. *Vanard*, 6 Cal. 563; *People* v. *English*, 30 Cal. 218.

IV.   In *People* v. *Nugent*, 4 Cal. 341, it was decided that the omission of the words of the statute, "no considerable provocation appearing, etc.," from an indictment did not vitiate it; that this constituted no part of the offense and might be shown by way of defense.

By the Court, BELKNAP, J.:

Upon an indictment alleging an assault with intent to commit murder the defendant was convicted of an assault with a deadly weapon with intent to inflict bodily injury. The indictment charges the offense as follows: "That on or about the 11th day of January, A.D. 1873, at the City of Virginia in the County of Storey, State of Nevada, the said H. L. Robey, without authority of law and with malice aforethought did shoot at William Newsom, with a shot gun loaded with powder and leaden bullets, with intent to kill him, the said William Newsom," etc., etc.

It is urged that this indictment is fatally defective because it does not charge a statutory "assault," nor a present ability to commit a violent injury.   The indictment follows the form prescribed by the statute of 1867, which was fully considered by this court in the case of *The State* v. *O'Flaherty*, 7 Nev. 153.   In considering the substantial, essential and material facts to be found by the indictment, Mr. Justice Garber said: "They are that the defendant, having the ability and intent unlawfully and with malice aforethought to kill, * * * * did attempt so to murder. * * * * It may be conceded that these facts are not alleged artistically and with technical precision—to this end the appropriate word 'assault' should have been employed and an intent

to murder should have been stated. But this is not the question here. It is sufficient, no objection having been made before judgment and the statutory form having been followed, that the requisite facts can be implied from the allegations on the record by fair and reasonable intendment; and that the issue joined was such as necessarily required on the trial proof of such facts. Thus tested the indictment is good. The words 'shoot at' had, before the statute prescribed this form, acquired a definite meaning in law, and had been held to imply that the person shot at was within range and distance. And under indictments charging a shooting at another with a loaded pistol or the like, it was always permissible and necessary to prove the preparation and efficiency of the weapon and other circumstances evincing the ability of the defendant to do the mischief intended. It is also substantially alleged that the mischief here intended was to murder. * * * * The words 'without authority of law and with malice aforethought,' applied to the shooting, extend on and qualify the intent alleged, and so equally refer to the subsequent words 'to kill.'"

It is insisted by appellant's counsel that an indictment charging an assault with intent to commit murder will not sustain a conviction of an assault with a deadly weapon with intent to inflict a bodily injury; that the specific intent to inflict a bodily injury as distinguished from an intent to murder must be set out in the indictment. In support of this view the following authorities are relied upon: *Bonfanti* v. *The State*, 2 Minn. 123; *The State* v. *O'Neal*, 37 Maine, 468; *Ogletree* v. *The State*, 28 Ala. 693; *Morman* v. *Mississippi*, 24 Miss. 54; *Carpenter* v. *The People*, 4 Scam. 197. At common law under an indictment charging the higher offense the defendant could be found guilty of a lower grade of offense of the same generic character. Thus upon an indictment for murder he could be convicted of any grade of homicide. Upon an indictment for grand larceny he could be found guilty of petit larceny. "And in general," says Mr. Chitty, "when from the evidence it appears that the defendant has

not been guilty to the extent of the charge specified he may be found guilty as far as the evidence warrants."

In *MacKalley's Case* it was said: "So if one is indicted of the murder of another upon malice prepense and he is found guilty of manslaughter, he shall have judgment upon this verdict, for the killing is the substance and the malice prepense the manner of it; and when the matter is found, judgment shall be given thereupon although the manner is not pursued; and therewith agrees Plow. Com. 101 b., where it is said, 'when the substance of the fact and the manner of the fact are put in issue together, if the jury find the substance and not the manner, judgment shall be given for the substance.'" 9 Rep. 67 b. In like manner Coke: "For if A be appealed or indicted of murder, viz: that he of malice prepense killed I, A pleadeth that he is not guilty *modo et forma,* yet the jury find the defendant guilty of manslaughter without malice prepensed; because the killing of I is the matter, and malice prepensed is but a circumstance." Co. Litt. 282; Cro. El. 464. And Phillips says that upon an indictment for murder, malice is a circumstance in aggravation and may therefore be rejected and manslaughter found. 1 Phil. Ev. 203.

The same view has been taken by the courts of this country. It was provided by the statutes of Massachusetts that every person having in his possession ten or more pieces of false money, knowing the same to be false, with intent to utter, etc., should be punished by imprisonment in the state prison for life, or for any term of years. It was also provided that every person who should have in his possession any number of pieces less than ten should be imprisoned not more than ten years in the state prison, or by fine and imprisonment in the county jail. The defendant was indicted for having in his possession more than ten pieces of counterfeit coins; the verdict found him guilty of having in his possession four pieces. It was contended that the verdict was in effect a verdict of not guilty, and that the jury could not find the defendant guilty if he had a less number than ten pieces, for that was a distinct offense. But these

objections were overruled by the court. Chief Justice Shaw in delivering the opinion said: " Although the general rule is that every material averment must be proved, yet it by no means follows that it is necessary to prove the offense charged to the whole extent laid. It is quite sufficient to prove so much of the charge as constitutes an offense punishable by law. * * * * * * * * * * The substance of the crime in the case before us is the possession of counterfeit coins, with the guilty knowledge and intent indicated; and this is a substantive offense whether the number of pieces be over or under ten. The party was therefore found guilty of the offense stated, though not to the extent laid in the indictment. *Commonwealth* v. *Griffin,* 21 Pick. 523.

Do the authorities relied upon to reverse the judgment in the case at bar contravene the common law rule as thus stated ? In *Bonfanti* v. *The State of Minnesota,* the defendant was indicted for assault with intent to murder. Upon the question of existence of the intent to murder to make out the crime charged, the court held that in order to convict of an assault with intent to murder the jury must find the existence of the intention in the mind of the defendant to murder the party assaulted ; for in the absence of that intention there existed but the simple assault. The question whether the defendant could be convicted of a lesser offense in nowise arose and was in no manner considered by the court. Subsequently, however, this question did arise in Minnesota in the case of *The State* v. *Lessing,* 16 Minn. 75; and it was decided that an indictment for the higher degree would sustain a conviction for a lesser degree of the same offense.

In *State* v. *O'Neal,* 37 Maine, 468, it was well held, as in Bonfanti's case, that in order to convict of an assault with intent to commit murder the specific intent must be established. The evidence did not show that an intention to murder existed, and the verdict was set aside. The courts of Maine have adhered to the common law rule. In *The State* v. *Waters,* 39 Maine, 54, it was decided that an assault with intent to murder necessarily embraced an assault

with intent to kill, and one accused of the greater could be found guilty of the lesser offense.

In the Alabama case the indictment alleged an assault with intent to murder one *Tiller*, and to prove this intent threats to murder *Mitchell* were admitted in evidence. The court held that the class to which this offense belonged was distinguished from the class in which a *general* felonious intent is sufficient to constitute the crime, and that the defendant should not have been convicted of the offense charged unless his intent in fact was the same as laid in the indictment; in other words, "a threat of the defendant made at a particular time to kill a particular man is not legal evidence to prove that at a subsequent time he assaulted a different man, or that he intended to murder a different man." The effect of these decisions is that the existence of the specific intent to murder must be found in order to convict of an assault with intent to murder. In Alabama (33 Ala. 389) it has been adjudged that a person indicted for one felony can be convicted of another felony necessarily included in the one charged. So the court refused to arrest judgment where the defendant was convicted of voluntary manslaughter upon an indictment charging murder.

It was decided in *Morman* v. *The State of Mississippi* that an indictment for "an assault and battery with a deadly weapon with intent to commit murder" did not embrace "an assault with intent to commit manslaughter." Under the statutes of Mississippi they are distinct offenses. A deadly weapon is an indispensable ingredient of the former offense, and must be alleged and proved. An assault with intent to commit manslaughter is not necessarily made with a deadly weapon. This distinction was also taken in the case of *The People v. Vanard*, 5 Cal. 562, where it was said: "It is apparent that the weapon or instrument with which the assault was committed should be alleged and found, as the fact that the assault was made with a deadly weapon, etc., is of the substance of the offense and distinguishes it from an ordinary assault."

The defendant must be fully informed of the charge, as if one be indicted for shooting with intent to kill A, he cannot be convicted by proof of shooting with intent to kill B; and if the intent to murder by drowning, poisoning or other means be charged, proof of the intent by shooting will not suffice.    So in the case of *Carpenter* v. *The People*, it was declared that upon an indictment for assault with intent to commit murder the accused could not be convicted of assault with intent to commit bodily injury, and that to constitute the latter offense the assault must be made with a deadly weapon.    The case is not fully reported, and it is probable that the indictment did not charge the use of a deadly weapon, for the court says: "We are therefore of the opinion that *on the indictment in question* the jury were not authorized to find the defendant guilty of an assault with intent to inflict a bodily injury."    The same court afterwards held that an indictment for assault with intent to commit murder by means of a butcher knife embraced the lesser offense of assault with a deadly weapon with intent to inflict bodily injury, and we have followed their interpretation of the case against Carpenter.    *Beckwith* v. *The People*, 26 Ill. 500.    In Mississippi the common law rule has been recognized and adopted.    *King* v. *The State*, 5 Howard, 730; *Hart* v. *The State*, 25 Miss. 378.

Section 412 of the Criminal Practice Act of the State of Nevada is, with some exceptions, declaratory of the common law.    It provides: "In all cases the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment, or may be found guilty of an attempt to commit the offense charged."    This section is a literal copy of section 424 of the act regulating proceedings in criminal cases of the state of California, and before its adoption by the legislature of our State had received a judicial construction by the California supreme court.    It is well settled that where a statute has received a judicial construction and is afterwards adopted by another state, the construction as well as the terms of the statute will be deemed adopted.    It is presumed that the

legislature intended to adopt the received construction; different language would have been employed had the intention been to exclude it.

In *People* v. *Davidson,* decided at the January term, 1855 (5 Cal. 134), the court held that an assault with a deadly weapon with intent to inflict bodily injury was necessarily included in an indictment charging an assault with intent to commit murder. A verdict for the lesser offense was held regular, and judgment thereupon sustained. The identical question was again before the court in *People* v. *English,* 30 Cal. 217, and the decision in *People* v. *Davidson* was followed and approved. Authorities in support of the views herein expressed are numerous. In addition to those already referred to the following may be cited : 22 Wend. 167; 17 Wend. 386; 3 Hill, 93; 5 Porter, 523; 7 Porter, 495; 5 Ala. 477; 5 Harris, 126; 5 Barr, 83; 1 Yeates, 6;. Rice, 432; 15 Mass. 187; 7 Conn. 54; 9 Conn. 259; 5 Mo. 497.

It is also assigned as error that it does not appear from the indictment or the verdict that the offense was "committed without considerable provocation," or " where the circumstances show an abandoned and malignant heart." These are negative qualifications of the offense and are not essential to either the indictment or verdict. They must be taken advantage of in defense at the trial. *People* v. *Nugent,* 4 Cal. 341; *People* v. *Kennedy,* 5 Cal. 134; *People* v. *Vanard,* 6 Cal. 562; *People* v. *English,* 30 Cal. 214.

After a careful consideration of this appeal we are of the opinion that the judgment is sustained alike by reason and authority. The defendant was fully informed by the indictment of the charge against him and of the means employed in committing it. He is accused of intent to murder by shooting; murder by shooting can not be effected without bodily injury. The offense of which he was convicted is therefore necessarily embraced in the one charged. By the indictment he is charged with the particular act of which he was convicted, but in a higher grade of crime. The particular act is found; the means employed in its perpetration

are found as charged; but instead of an intent to murder the jury find an intent to do bodily harm. The conviction of the lesser crime could not have prejudiced his defense.

It is ordered that the judgment be affirmed.