[No. 10,095.]

## THE PEOPLE *v.* LEMUEL LIGHTNER.

WAIVER OF STATUTORY RIGHT BY DEFENDANT.—If the defendant, when arraigned, asked for and obtains time to plead, he waives any defect in the statutory detail of the proceedings which constitute an arraignment, such as a failure to deliver to him a copy of the indictment.

POWER OF COURT ON SUNDAY.—The Court may, on Sunday, adjudicate the fact that a jury in a criminal case cannot agree, and may then continue the cause until the next term.

VERDICT IN CRIMINAL CASE.—If the indictment charges the defendant with an assault, with intent to commit murder, and it appears on its face that the assault was made with a deadly weapon, he may be convicted of an "assault with a deadly weapon with intent to inflict upon the person of another a bodily injury, without cause or excuse."

APPEAL from the County Court, County of Colusa.

The indictment charged the defendant with having, on the 23d of October, 1873, assaulted one J. L. Gaudy, with a knife, with intent him, the said Gaudy, to murder. On the 27th of October, 1873, the defendant was called for arraignment, his counsel being present. When called, he stood up, and the indictment with the endorsements thereon, including the names of the witnesses, was read to him by the Clerk. He was then asked by the Court if he was ready to plead, and answered that he was not, and asked for two days to plead, which time was given him by the Court. The Clerk did not give the defendant a copy of the indictment, but stated to the Court that he had a copy in his office, to which he had not attached the seal of the Court. The defendant made no objection to not then receiving a copy of the indictment. After the adjournment of the Court, the Clerk, in his office, handed the defendant's attorney a copy of the indictment. On the 29th, when the defendant was called on to plead, he refused to do so, and the Court directed a plea of "not guilty" to be entered for him. The cause was called for trial at the January term. The jury retired to deliberate on their verdict about seven P. M. Saturday evening. Sunday morning, about ten o'clock, they were brought into Court, and, upon being interrogated, stated to the Court that there was no likelihood of being able to agree.

The Court, therefore, discharged the jury, and continued the cause for the term. At the April Term, the defendant objected to setting the cause for trial, or taking any further proceedings in the same for the reason that the discharge of the jury at the former term operated as a release of the defendant, and because the cause had not been continued, nor any order made concerning a re-trial. The Court overruled the objection. The cause was called for trial on the 13th of April, 1874. The defendant, on the trial, offered in evidence the minutes of the Court on the former trial, for the purpose of showing that, by the irregularity of the discharge of the jury, and by the failure of the Court to make an order continuing the cause, or for the re-trial of the defendant, he was entitled to an acquittal. The Court refused to receive the proposed evidence. The Court sentenced the defendant for a felony and he appealed.

The other facts are stated in the opinion.

*T. J. Hart* and *S. T. Kirk,* for the Appellant, argued that there was in law no arraignment, and cited Penal Code, Sec. 988, and no obligation to plead, and cited *People* v. *Corbett,* 28 Cal. 328, and that the subsequent trial was a nullity; that the Court could not, on Sunday, make an adjudication that the jury could not agree; and, that the Court could not discharge a jury on Sunday, except when the act need not be preceded by a judicial determination that they could not agree, as, when a verdict was found, and cited 1 Bishop's Crim. Law, secs. 871–873. They also argued that, as the offense charged was defined by Sec. 217 of the Penal Code, and the offense found was defined by Sec. 245 of the Penal Code, that the verdict was good only for an assault; that where intent was one of the necessary ingredients of a crime, the State could not prove, nor could the jury find a different intent from the one laid in the indictment, and cited *People* v. *Keefer,* 18 Cal. 637; *Morman* v. *The State,* 24 Miss. 54, and 25 N. Y. 399.

*Attorney-General Love,* for the People, argued that the defendant waived the copy of the indictment, and that even if the order of continuance was void, still the Court retained

jurisdiction to try the cause at a subsequent term under Sec. 1,141 of the Penal Code.

By the Court, McKINSTRY, J.:

As a general rule a defendant may waive any statutory right or proceeding. It is true that where there has been neither arraignment nor plea, the Court cannot supply an issue, even after verdict. But it has been suggested by this Court that a plea will cure the defects of an arraignment, and it has never been decided that a formal arraignment can be waived only by plea. (*People* v. *Corbett*, 28 Cal. 329.) We entertain no doubt that a prisoner may expressly waive all the formal steps and plead when called up for arraignment; and there can be no good reason why a defendant (present personally and by counsel), should not be held to have waived any detail of the proceedings which constitute the arraignment, when, as in this case, he asks for time to plead; which of itself admits the existence of the indictment, and knowledge, or opportunities for acquiring knowledge, of its contents. He asks for time to plead, and obtains the delay on an implied stipulation that he will plead at the expiration of the time.

Under our system of practice, the common law continuances have no place, and in the case where a jury have failed to agree, and been discharged for that reason, the defendant may be tried again at the same or next term without any order of postponement. The power to discharge a jury, on Sunday, includes the power to adjudicate the fact that the jury cannot agree.

The indictment charges the defendant with an assault with intent to commit murder, committed "with a certain large knife." The verdict was to the effect "Guilty of assault with a deadly weapon, with intent to inflict upon the person of another a bodily injury without cause or excuse."

Defendant claims that this verdict was unauthorized, as the offense of which the defendant was found guilty, is not included in that charged in the indictment.

The defendant was charged with an assault with a deadly

weapon.   If he was guilty of an assault with a deadly weapon, "without cause or excuse," the jury were justified in finding—as the Court would have been justified in charging as a matter of law—that his intent was to do bodily harm.  The crime of which the defendant was found guilty, therefore, was the crime for which he was indicted—less the specific intent to murder.  (*People* v. *Davidson*, 5 Cal. 133; *People* v. *English*, 30 Cal. 214; *State* v. *Robey*, 8 Nev. 312.)  In *People* v. *Murat*, 45 Cal. 284, this Court said: "We are of opinion that under an indictment for an assault to commit murder, a conviction of an assault made with a deadly weapon to do bodily harm, cannot be supported unless it sufficiently appears from the face of the indictment, that the assault was made with a deadly weapon."

Judgment and order affirmed.

Mr. Justice RHODES did not express an opinion.