# STATE v. JUKANOVICH.

No. 2699.   Decided January 18, 1915 (146 Pac. 289).

1. HOMICIDE — CRIMINAL PROSECUTIONS — VERDICT — SUFFICIENCY. Assuming that an information, charging an assault with a sharp instrument with intent to murder, charged as an included offense an assault with a deadly weapon with intent to do bodily harm, a verdict thereunder, finding accused guilty of an assault with a deadly weapon, as charged in the information, but not finding that the assault was with intent to do bodily harm, would not support a conviction under Comp. Laws 1907, section 4195, providing that every person who, with intent to do bodily harm, commits an assault upon another with a deadly weapon, instrument, or other thing, is punishable as therein provided, since the verdict must, either in itself or by reference to the information or indictment, contain all the elements constituting the crime, and while a verdict of guilty, as charged in the information, is sufficient to support a conviction of the principal offense, it is not sufficient as to an included offense, especially as there were a number of other included offenses.[1]  (Page 374.)

2. INDICTMENT AND INFORMATION—OFFENSE INCLUDED IN CHARGE. An information for assault with intent to murder does not include a charge of assault with a deadly weapon with intent to do great bodily injury, under Comp. Laws 1907, section 4195, unless it alleges that the assault was with a weapon named or described, the name or description of which characterizes it as deadly, or with a deadly weapon or deadly instrument, the name or precise character of which is unknown, as an assault with intent to murder is not necessarily committed with a deadly weapon; and an allegation that an assault was with a "sharp instrument" was insufficient, as a sharp instrument is not necessarily a deadly weapon or instrument.  (Page 378.)

3. ASSAULT AND BATTERY—CRIMINAL PROSECUTIONS—SUFFICIENCY OF EVIDENCE. On a trial for assault with a deadly weapon with intent to do great bodily harm, the character of the weapon may be inferred from the wounds or other indicia, if shown by the evidence, though the name or precise character of the instrument cannot be proved.  (Page 380.)

---

[1]State v. McDonald, 14 Utah 173; 46 Pac. 872.

Appeal from District Court, Third District; *Hon. C. W. Morse*, Judge.

Mike Jukanovich was convicted of an offense. He appeals.

REVERSED AND REMANDED with directions.

*Weber & Olsen* for appellant.

*A. R. Barnes*, Atty. Gen., and *E. V. Higgins* and *G. A. Iverson*, Asst. Attys. Gen., for the State.

FRICK, J.

Appellant was charged in the information with having committed an assault with a "certain sharp instrument, the exact name of which is unknown," upon one Charles Schmoltz, "with the specific intent to take the life of him (the said Charles Schmoltz)." In other words, the appellant was charged under the statute (Comp. Laws 1907, Section 4178) in apt terms with having committed an assault with intent to murder said Schmoltz. The appellant pleaded not guilty to the information, and, upon a trial, the jury returned the following verdict:

"We, the jury impaneled in the above case, find the defendant guilty of assault with a deadly weapon, as charged in the information, with a recommendation of mercy."

There was but one count in the information. The State insists that the offense of which the jury found the appellant guilty was included within the charge contained in the information. This is denied by appellant, unless it be held that the charge that the assault was made with a "certain sharp instrument" is tantamount to charging that it was made with a "deadly weapon, instrument, or other thing," since the verdict, it is contended, is based on Comp. Laws 1907, section 4195, which reads as follows:

"Every person who, with intent to do bodily harm, and without just cause or excuse, or when no considerable provocation appears, or where the circumstances show an abandoned or malignant heart, commits an assault upon the person of another, with a deadly weapon, instrument, or other thing,

is punishable by imprisonment in the state prison not exceeding five years, or by fine not exceeding $1,000 or by both.''

The district court, after overruling a motion for a new trial, sentenced the appellant to serve a term in the state prison as in said section provided, and he appeals.

The principal error relied on is that the verdict of the jury does not support the judgment, and that the court erred in sentencing appellant to the state prison as for a felony. It is contended that the verdict finds the appellant guilty of a simple assault only, which constitutes a misdemeanor and not a felony.

It will be observed that the crime denounced by section 4195, *supra,* is an assault "with a deadly weapon, instrument, or other thing, *with intent to do bodily harm.''* (Italics ours.) The jury, by their verdict, did not find that the assault was committed "with intent to do bodily harm'' as provided by said section, but merely found that appellant was "guilty of assault with a deadly weapon.'' Assuming for the present, without deciding that in charging the assault in the information as having been committed with "a sharp instrument'' is tantamount to a charge of having committed it with a "deadly weapon, instrument, or other thing,'' as provided in section 4195, yet there is nothing contained in the verdict from which it can be inferred that the assault was made "with the intent to do bodily harm,'' as provided by said section. The existence of such an intent constitutes an essential element of the crime denounced by said section, and, unless such intent is found, the crime there denounced has not been legally established. We think the rule is elementary that the verdict must, either in itself or by reference to the information or indictment, contain all the elements constituting the crime of which the accused is found guilty. The law in that regard is tersely stated by the Supreme Court of California in *People* v. *Cummings,* 117 Cal. at page 499; 49 Pac. at page 577, in the following words:

"A good verdict must contain, either in itself or by reference to the indictment, all the elements of the crime. If silent on some element of the crime, the verdict will not sustain a judgment."

See, also, Bishop's New Crim. Proc. section 1005.

No doubt in general practice the elements of the crime are usually found in the information or indictment to which reference is made by the verdict. It is, however, contended by the State that the jurors, by their statement in the verdict that they find appellant guilty "as charged in the information," made the finding certain. As we have already pointed out, however, there is but one count in the information, in which the appellant was, in apt terms, charged with having committed the assault with a "sharp instrument" with intent to murder. He was, however, also informally charged in the information with every other offense which is necessarily included within the offense which was in terms described therein. By using the word "informally" we merely mean that the included offenses, although not articulated in apt terms were nevertheless included in what was charged. The difficulty with the State's contention is that, if the instrument mentioned in the information is assumed to be a deadly weapon, then there were included in the information in this case several distinct offenses, of either one of which appellant could have been found guilty, namely, assault with a deadly weapon with the intent to do bodily harm, also that of "having upon him any deadly weapon with intent to assault another" (section 4340), also of an assault and battery, and of a simple assault. We thus have a number of offenses included within the main charge, at least one of which constituted a felony, while the others were misdemeanors. To find an accused guilty, therefore, "as charged in the information," still leaves us in doubt with respect to the precise offense of which he is found guilty in case the jury find him guilty of one of the included offenses. Of course, in case the accused is found guilty of the principal offense charged, then it is sufficient to find him "guilty as charged in the information," since the information then clearly indicates the offense of which he is found guilty.

In the case at bar, if it was desired to have the jury find an included offense, they should have been expressly directed that, if they found the appellant guilty of any included offense (and they should have been instructed just what of-

fenses were included in the principal charge) then they should indicate in their verdict in apt terms the precise offense of which they found him guilty. This should always be done as nearly as it can be in the language of the statute, and the several forms of verdict should be carefully prepared or at least approved by the court. For example, if the jurors found the accused guilty of the offense set forth in section 4195, *supra,* as an included one, then they should have found him guilty of "an assault with a deadly weapon with intent to do bodily harm," if the charge was sufficient to include that offense, and not merely have found him guilty of "an assault with a deadly weapon," as was done. Had the jury found that the assault was committed "with the intent to do bodily harm" in addition to what they did find, they would then have included all the elements of the crime of which appellant was found guilty in their verdict, and thus the verdict would sustain the judgment. In view of the form of the verdict, however, such is not the case. To illustrate further: Suppose one were charged with the principal offense in one count and with two included offenses in two separate counts in an indictment or information, and the accused pleads not guilty to all of the counts, and is put upon his trial, then suppose that, under proper instructions, the jury find him guilty upon the second or the third count in the information, both of which constitute merely included offenses, would a verdict of "guilty, as charged in the information," be sufficient? The question answers itself. If, however, the verdict were "guilty as charged in the first count," or "guilty as charged in the second count of the information," it would clearly be sufficient, since all of the elements of the offense would then be found in the count referred to in the verdict. A general verdict "as charged in the information" would also be sufficient if the offense found by the verdict were charged or included in each count of the information. Such is, however, not the case here. Here the jury, in order to make their verdict good, were required to state the elements of the offense in their verdict, and in failing to do so they found the appellant guilty of a simple assault merely. To this effect are the authorities as we read them. Our statute (section

4195) was taken from the laws of California. See Laws Cal. 1850-53, p. 645. The section remained in force in that state until it was amended on February 14, 1872. See Kerr's Penal Code Cal. section 245. It is not very clear when section 4195 first became effective in the Territory of Utah. We first find it in Comp. Laws 1876 as section 1953, which is found on page 593 of that compilation. It was carried forward into Comp. Laws 1888 (2 C. L. 1888, section 4488). It is next found in R. S. 1898 as section 4195, and from there it was carried forward into our present compilation, as shown above.

The Supreme Court of California, on several occasions, has had the precise question before it which we have discussed so far. In *People* v. *Vanard*, 6 Cal. 562, the accused was charged with assault with intent to commit murder, and by the jury was found guilty of an "assault with intent to do bodily injury" as an included offense constituting a felony. The court held that the weapon or instrument with which the assault was committed was an essential element of the offense denounced by the statute, of which our section 4195, *supra*, is a copy, and hence held that the accused was found guilty of a simple assault constituting a misdemeanor. The same result under similar charges and circumstances was reached in *People* v. *Wilson*, 9 Cal. 260; in *Ex parte Ah Cha*, 40 Cal. 426; in *Ex parte Max*, 44 Cal. 579; and in *People* v. *Murat*, 45 Cal. 281. The Supreme Court of Wisconsin arrived at the same conclusion under similar circumstances in *Sullivan* v. *State*, 44 Wis. 596, and so did the Supreme Court of Michigan in *Wilson* v. *People*, 24 Mich. 410. The Supreme Court of South Dakota, in a comparatively recent case, passed upon this question in *State* v. *Peterson*, 23 S. D. 629; 122 N. W. 667, under a statute similar to ours. In that case it appears that the accused was charged with the crime of an assault with intent to kill one George Crowe. Upon a trial the accused was found guilty of an included offense in the following words: "We, the jury, find the defendant guilty of an assault with intent to do great bodily harm." The statute of South Dakota denounces "any assault with any sharp or dangerous weapon with intent to do bodily harm" as a felony and punishable as such. It was held that, inas-

.much as the jury merely found the accused guilty of an in-cluded offense, they should have included in their verdict every element of such offense. This, the court said, was not done, because the jury had omitted to find that the assault was made with a "sharp or dangerous weapon," which, it was held, was an essential element of the offense. The same result was reached in *State* v. *Johnson,* 3 N. D. 150; 54 N. W. 547. To the same effect is the case of *Territory* v. *Conrad,* 1 Dak. 363; 46 N. W. 605.

In every one of the foregoing cases the offense of which the jury found the accused guilty was an included one, and in all of them the jury failed to include in their verdict one of the essential elements constituting the offense; and hence it was held in all of the cases that the trial court erred in sen-tencing the accused as for a felony, since the findings of the juries constituted simple assaults, which were misdemean-ors. While in the case at bar the jury found the appellant guilty of an "assault with a deadly weapon," yet they en-tirely omitted to find an essential element of the crime defined by the statute, namely, that the assault was committed "with the intent to do bodily harm." An assault with a deadly weapon is not the crime defined by section 4195, nor is it the one denounced by section 4178, upon which the information in this case was based. Counsel for the State have referred us to *People* v. *Davidson,* 5 Cal. 133; *People* v. *English,* 30 Cal. 215; *People* v. *Lightner,* 49 Cal. 226; *State* v. *Robey,* 8 Nev. 312; and *State* v. *McDonald,* 14 Utah, 173; 46 Pac. 872.

We have carefully examined the foregoing cases, with others cited by the State, but, in our judgment, all of the cases just referred to are really in harmony with our conclusion, as well as with the cases to which we have referred as supporting this conclusion. In all of those cases including the one cited from Utah, the jury included the element in their verdicts, which was omitted in the case at bar; and hence it was held that the verdicts returned in those cases were sufficient.

Appellant, however, contends that the charge in the infor-mation in this case, while it may be sufficient as charging an assault with intent to commit murder, yet it is insuffi-cient to sustain a conviction of an assault with a deadly        2

"weapon, instrument, or other thing," since the "sharp instrument" referred to, in the information is not necessarily a deadly weapon. It has frequently been held by the courts that under a statute like our section 4178, *supra*, it is not necessary to describe the instrument with which the assault was committed as a deadly weapon. Indeed, it has been held that in making such a charge the instrument need not be described at all. Wharton's Crim. Law (11th Ed.) 1061; *State* v. *Gainus*, 86 N. C. 632; *Lacefield* v. *State*, 34 Ark. 275; 36 Am. Rep. 8. Under our practice, however, the acts constituting the assault are, and always should be, alleged, and thus the means, weapons, or instruments used in committing the assault are always given, if known. It would seem that in case it is desired to submit the question to the jury of whether the accused is or is not guilty of the included offense of having committed an assault with a "deadly weapon, instrument, or other thing," with intent to do bodily harm, it is necessary to allege in the information that the instrument was one of the kind or character set forth in the statute (section 4195). This is so because the offense denounced by section 4195 is not always necessarily included within the charge of an assault to commit murder. For example, an assault to commit murder can be committed with instrumentalities other than those named in section 4195. It can be committed with the bare hands of the offender by attempting to choke his victim to death. It can be accomplished with a handkerchief, a cord, a rope, or other thing, to strangle the victim, and neither of which instrumentalities is deadly or dangerous in itself. Again, an assault with intent to murder can be made by attempting to force a liquid or other poison into the mouth of the victim for the purpose of compelling him to swallow the same. Still other instruments, none of which come within the provisions of section 4195, could be employed by the offender in an attempt to murder. It follows, therefore, that if it be desired to include the offense denounced in section 4195 in a charge of an assault with intent to murder, it can easily be done by alleging that the instrumentality used by the offender was a deadly weapon, if such be the fact. Where the instrument is named or described, it need not, of course,

also be alleged that it is a deadly weapon, since from its name or description its character may easily be determined without characterizing it as "deadly." It is manifest, however, that merely to refer to the instrument as a "sharp instrument" does not necessarily mean a deadly weapon or one defined in the statute. A cambric needle, a broadaxe, or any other sharp instrument may, under certain circumstances, be characterized as a "sharp instrument." It were better, therefore, if the instrument actually used is not known to the pleader, that he allege in the information that the instrument used was a "deadly weapon." That is, describe the instrument as a sharp or blunt or any other kind of an instrument, the exact name, nature, or character of which is unknown to him, but which is nevertheless deadly. Under such a charge it could not be successfully contended that any one of the elements constituting the crime defined in section 4195, or in any other section to which we have referred, was omitted.

There is nothing in the contention that there is a fatal variance between the allegations contained in the information and the proof adduced at the trial with respect to the instrument with which the assault was shown to have been made and the injuries inflicted upon the victim of the assault. From an examination of the evidence, we are convinced that the assault in this case was both vicious and violent, and that the injuries inflicted upon the victim thereof were serious. The State should therefore be given the opportunity of convicting the offender of the crime of which it is alleged he is guilty. Under our present statute (Comp. Laws 1907, section 4694), as amended by Laws Utah 1913, p. 54, the State, if it is so advised, may obtain leave to file a new or amended information in which the matters herein suggested may be included, and the trial may then proceed upon such information. If, in framing the information in this or in any other case, the prosecuting attorney does not know the name or character of the instrument used by the assailant, he may nevertheless designate it as a deadly weapon or deadly instrument, the name or precise character of which is unknown to him. If, upon the trial, the name or precise character of the instrument that was used cannot be

proved, the jury may nevertheless infer its character from the wounds or other indicia, if there are any shown by the evidence. In this way all the elements constituting the offense may be alleged and proved, and a verdict finding the accused guilty of any included offense may be found which will sustain the judgment.

The judgment is therefore reversed, and the cause remanded to the district court of Salt Lake County, with directions to grant a new trial and to proceed with the case in accordance with this opinion.

STRAUP, C. J., and McCARTY, J., concur.