## PEOPLE *v.* FISHER.

An order refusing a change of *venue* on the application of defendant in a criminal prosecution, will only be reviewed in cases of gross abuse of discretion.

APPEAL from the Court of Sessions of Alameda County.

The opinion of the Court shows the error assigned. The affidavit for a change of place of trial avers that there is much exasperation among the people of the county against all persons charged with cattle stealing, (being the offence for which defendant was indicted,) owing to the number of larcenies of that description which had been committed, and to the fact that most of the guilty parties had escaped punishment.

No brief for Appellant.

*Wm. T. Wallace, Attorney General,* for the People.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

The only error assigned is, the refusal of the Court to change the place of trial, upon the defendant's application.

The exercise of this power has been universally held by this Court to be discretionary, and subject to review in case of a gross abuse of discretion.    Where such an order is assigned as error, a clear case must be shown on the record, as every intendment is in favor of the Court below.

The Attorney General assumes in his argument, that this rule has been altered by the decision of this Court in the case of the People *v.* Lee, 5 Cal.    Such is not the case; and although the Court was led into an error in that decision by adopting the provisions of the civil instead of the criminal Practice Act, still the judgment as well as the reasoning of the Court might well be maintained under the provisions of the second section of the Act concerning Courts of justice, etc., passed April 13th, 1854, which provides that this Court shall review such orders upon appeal, (which we have construed to mean appeals from a final judgment.)

In the present case, there has been no abuse of discretion calling for our interference.

The judgment is affirmed.