## BASSETT v. HAINES.

A drew an order on B in favor of C for two hundred and six dollars and fifty cents; C presented the order to B, and he paid twenty-two dollars and fifty cents thereon, and the amount was receipted on the back of the order in the handwriting of B, and signed by C: *Held*, that this was not an acceptance.

The receipt is evidence that B owed only that sum and paid it, and would not imply acceptance of the whole amount.

APPEAL from the County Court of Sacramento County.

This was an action originally commenced in a Justice's Court to recover the sum of one hundred and eighty-four dollars, ballance alleged to be due on an order given by Samuel C. Willse, and directed to the defendant Haines, and payable to plaintiff Bassett, for the sum of two hundred and six dollars and fifty cents. Plaintiff had judgment in the Justice's Court and the defendant appealed to the County Court, where the judgment was reversed, and a judgment for costs entered for defendant. Plaintiff then moved the County Court for a new trial, which motion was denied, and thereupon plaintiff appealed to this Court.

*Smith & Moody* for Appellant.

*Ralston, Wallace & Rayle*, for Respondent.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

An order was drawn upon defendant in these words :

" Mr. Jas. W. Haines : Please pay to R. H. Bassett the sum of two hundred and six dollars and fifty cents.

Oblige yours,

" $206 50.                                                SAM'L C. WILLSE."

The order was presented by plaintiff to defendant, who paid twenty-two dollars and fifty cents, which was endorsed upon the order in defendant's handwriting, and signed by plaintiff, as follows :

" Received on the within order twenty-two dollars and fifty cents.

ROB'T H. BASSETT.

" SACRAMENTO CITY, Sept. 11, '56."

The only question in the case is, whether this constitutes an acceptance " in writing, signed by the acceptor," as required by the sixth section of the act relating to bills of exchange and promissory notes. (Wood's Digest, 72.)

We think it clear that this was no acceptance, either at common law or under the statute. Haines may have owed the drawer, Willse, the sum of twenty-two dollars and fifty cents, and no more. If so, the payment of that amount, and the endorsement of the same upon the paper, would not imply that he accepted and would pay the whole. The receipt is evidence that Haines owed only that sum and paid it. In all the instances cited by the counsel of plaintiff, the writing on the bill related to the entire amount. But the receipt only relates to the amount paid, and implies no acceptance of the order for the balance. Besides this, the receipt is not signed by the acceptor, within the meaning of the statute.

We think the County Court decided correctly in holding that there was no acceptance.

Judgment affirmed.