## THE PEOPLE v. BARON JACOBS.

INDICTMENT FOR ASSAULT WITH DEADLY WEAPON.—An indictment for "an assault with a deadly weapon, wtih an intent to inflict upon the person of another a bodily injury," should charge the offense in the language of the statute, and should also allege that the weapon was deadly, or such facts as necessarily show that it was deadly.

APPEAL from the County Court, San Bernardino County.

The facts are stated in the opinion of the Court.

*J. G. McCullough, Attorney-General,* for the People.

It is not necessary in the commencement of an indictment to designate an offense more definitely than as a felony or misdemeanor. (*People* v. *Beatty*, 14 Cal. 572.) The indictment need not charge the pistol to be a deadly weapon. (*The State* v. *Jarott*, 1 Iredell, 87; *The State* v. *Collins*, 8 Id. 412; *The State* v. *Craton*, 6 Id. 165; *United States* v. *Small*, 2 Curtis, 241, 243.)

By the Court, SAWYER, J.

The indictment was designed to be for " an assault with a deadly weapon, etc, with intent to inflict, etc., bodily injury," etc., under the fiftieth section of the Act concerning crimes and punishments. The indictment charges the defendant with " an assault with intent to inflict upon the person of another bodily injury;" that said Baron Jacobs, etc., " with a certain pistol, etc., did then and there unlawfully make an assault," etc. A demurrer to the indictment for insufficiency was sustained and the People appealed. The indictment neither follows the language of the statute, nor charges an assault with " a deadly weapon," nor alleges the weapon to be deadly, nor that the pistol was charged. A pistol may be of such dimensions as to be a deadly weapon without being charged, and it may be so small as to be, without being charged, a very insignificant instrument of assault. There being no averment that the

pistol was "a deadly weapon," and no fact averred by which the Court could see that it was necessarily such, and the language of the statute not being pursued, we think the indictment insufficient, and that the demurrer was properly sustained.

Judgment affirmed.