[No. 3,382.]

# THE PEOPLE OF THE STATE OF CALIFORNIA v. GORDON A. CONGLETON.

AVERMENT IN INDICTMENT.—An indictment for an assault with a deadly weapon, with intent to do bodily injury to another, may, in general terms, aver the assault to have been made " with a deadly weapon."

IDEM.—The weapon by name does not, in such case, become a necessary ingredient of the crime, but the nature of the weapon, as being deadly or otherwise, is alone important; and it is essential to aver it in some appropriate way to have been deadly in its character.

VERDICT FOR LESSER OFFENSE THAN THAT CHARGED.—Where the indictment charges an assault with a deadly weapon, with intent to do murder, and the verdict finds the assault to have been made with intent to do bodily harm, the offense found is necessarily included in the charge.

DESCRIPTION OF OFFENSE IN VERDICT.—A verdict that an assault was made with intent "to do bodily harm upon the person" of another is equivalent to a verdict that the assault was made with intent "to inflict upon the person of another a bodily injury."

MOTION TO CHANGE PLACE OF TRIAL.—An application to change the place of trial in a criminal case, is addressed to the sound discretion of the Court, and is to be disposed of in furtherance of substantial justice.

IDEM.—In an application for a change of the place of trial in a criminal case, where the affidavits set forth merely that in the belief or opinion of the affiants the prisoner could not have a fair trial owing to the popular prejudice against him, and where there was no difficulty in obtaining a jury wholly free from bias or prejudice against the prisoner, it was no abuse of the discretion of the Court to deny the motion.

TIME OF ENTERING ORDER.—The entry of an order in a criminal case in vacation instead of term time, even if irregular, does not work any injustice.

APPEAL from the County Court of Humboldt County.

The defendant demurred to the indictment, and the demurrer was overruled. He moved for a change of venue; the motion was denied, and he was tried and convicted. This appeal is taken from the judgment and from an order denying the defendant's motion for a new trial.

*S. N. Buck,* and *Coffroth & Spaulding,* for Appellant.

*John L. Love, Attorney General,* for Respondent.

By the Court, WALLACE, C. J.:

The prisoner was indicted for the offense of assault with intent to commit murder, and found guilty of an assault with a deadly weapon, with intent to do bodily harm on the person, etc. The appeal is taken from the judgment upon the verdict.

1. The indictment is sufficient in form and substance, as one for the crime of *assault with intent to commit murder.* This we understand to be conceded by the prisoner's counsel. But it is claimed that though the indictment be sufficient to sustain a conviction for that particular offense, or for a simple assault, as being included in the charge, it will not support a conviction for an assault with a deadly weapon made with intent to do bodily harm on the person of another. This point is rested upon the circumstance that the indictment here fails to designate the particular character of the weapon used, as being a pistol or knife, etc., and avers it in general

terms to have been "*a deadly weapon.*" That an indictment for an assault with a deadly weapon, with intent to do bodily injury to another, may in general terms aver the assault to have been made "*with a deadly weapon,*" we have no doubt. In so doing it would but follow the language of the statute by which the offense itself is defined. (Section 50.) It is not true that in such case "the weapon becomes at once a necessary ingredient of the crime," as argued by counsel, but the *nature of the weapon,* as being deadly or otherwise, is alone important; and it is essential to aver it in some appropriate way to have been deadly in its character. Hence, had it even been averred here that the weapon used was a pistol, it must still have been in some way alleged that it was *in fact a deadly weapon.* This might be done *in totidem. verbis,* or it might have been alleged to have been loaded in the usual way, or that the pistol, though not so loaded, was of such dimensions, etc., as to constitute it a deadly weapon *per se* in the hands of the prisoner. (*People* v. *Jacobs,* 29 Cal. 579.)

The indictment here alleges that the prisoner committed the assault with a deadly weapon with an intent to do murder, and the verdict finds that he committed the assault with a deadly weapon, not with intent to do murder, but to do bodily harm—a distinct offense, but one which is necessarily included in that charge in the indictment. (*People* v. *Davidson,* 5 Cal. 133; *Ex Parte Ah Cha,* 40 id. 426, and cases there cited.)

2. It is next objected that the verdict, as found, is one for a simple assault merely. Its language is, "guilty of an assault with a deadly weapon with intent to do bodily harm on the person of A. F. Murphy." The offense as defined by the statute is, "an assault with a deadly weapon  *  *  * with intent to inflict upon the person of another a bodily injury." (Sec. 50.) "To do bodily harm upon the person" of another is certainly "to inflict upon the person of another

a bodily injury"—the two modes of expression are of precisely the same import. The case of *The People* v. *Wilson*, 9 Cal. 260, cited by counsel in this connection, is clearly distinguishable from the case under consideration, for there the verdict was, "guilty of an assault with a deadly weapon"—wholly omitting any finding of the intent of the prisoner in making the assault.

3. The only other point relied upon arises upon the denial of the motion made by the prisoner to remove the action from the County of Humboldt, where the indictment was found, on the ground that a fair and impartial trial could not be had therein. The statute provides that *if the Court be satisfied* of the fact that a fair trial cannot be had, it shall order the action to be removed to a county free from the like objection. The allowance or refusal of an application to change the place of trial in a criminal case has always been held largely discretionary in the Court—the motion is addressed to its sound discretion and to be disposed of in furtherance of substantial justice. (*People* v. *Fisher*, 6 Cal. 154.)

In this case the affidavits upon which the motion was based were exceedingly unsatisfactory; they, in the main, set forth merely that in the belief or opinion of the affiants the prisoner could not have a fair trial, owing to the popular prejudice against him. It seems, too, that no difficulty was found in obtaining a jury wholly free from bias or prejudice against the prisoner; and, under the circumstances, we cannot say that the Court abused its discretion in denying the motion.

Nor is it worth while to inquire if there was any irregularity in entering the order denying the motion in vacation instead of in term time, for if there was it would certainly work no substantial injustice to the prisoner in any respect. (Crim. Pr. Act, Secs. 484, 499.)

Judgment affirmed.

Neither Mr. Justice Rhodes nor Mr. Justice Niles expressed an opinion.