[No. 10,055.]

## THE PEOPLE v. MARSHALL MARTIN.

INDICTMENT.—An indictment which charges an assault with intent to do bodily harm upon the person of another, charges only a simple assault.

APPEAL FROM ORDER SUSTAINING DEMURRER.—If a demurrer to an indictment is interposed, on the ground that the indictment does not charge a felony but a simple assault, and it is sustained as to the felony, leaving the case for trial as to the assault, the order sustaining it is not a final judgment from which an appeal will lie.

APPEAL from the County Court of San-Bernardino County. The facts are stated in the opinion.

*Attorney-General Love,* for Appellant, argued that the judgment was appealable, and cited *People* v. *Ah Own,* 39 Cal. 604.

*Byron Waters,* for Respondent.

By the Court, BELCHER, J.:

The defendant is accused by the indictment of the "crime of assault with intent to do bodily harm upon the person of another." · This, in effect, designates the offense as a simple assault. (*People* v. *Vanard,* 6 Cal. 562; *Ex parte Ah Cha,* 40 Cal. 426) The particular acts constituting the offense charged are that the defendant, at a time and place named, under circumstances showing an abandoned and malignant heart, and without just cause or excuse, violently, forcibly and at great speed, directed, reined and guided a horse, which he was riding, towards and in the direction of and upon and over a certain Indian woman. Counsel for defendant, being of the opinion that the indictment charged only a misdemeanor, interposed what he called a demurrer, which concluded with a prayer that the defendant should "only be required to defend the said indictment as for a simple assault or assault and battery." The Court sustained the demurrer to the indictment "as to charging a felony," and required the defendant "to plead to the indictment for assault and battery." Counsel for the people

excepted to the ruling, and thereupon the defendant pleaded not guilty, and the case was set down for trial. This appeal is by the people from the judgment on the demurrer and the order deciding and holding that the indictment charged only an assault and battery, and " directing the defendant to plead to an assault and battery."

In *People* v. *Ah Own*, 39 Cal. 604, it was held that an order sustaining a demurrer to an indictment is a final judgment from which an appeal will lie. This was upon the ground that when a demurrer to an indictment is sustained, the action is finally disposed of in that Court and nothing more remains to be done.

It is apparent that the only question attempted to be raised by the demurrer in this case was as to the grade or magnitude of the offense charged. It was admitted that the facts stated constituted a public offense, but counsel were not agreed as to whether that offense was a felony or a misdemeanor. This was not a question to be presented by demurrer. (Penal Code, Section 1,004.) It could properly arise only after the defendant had pleaded to the indictment. It was prematurely presented, and the opinion of the Court upon it prematurely obtained. That opinion was not, however, a final judgment from which an appeal will lie for the reason that the action was not thereby finally disposed of in that Court. As we have seen, the defendant, in the usual form, after the ruling was made, pleaded not guilty to the indictment, and the cause was set down for trial.

It follows that the appeal must be dismissed; and it is so ordered.