The Territory vs. Conrad.

---

JUNE TERM, 1877.

PRESENT:

HON. PETER C. SHANNON, CHIEF JUSTICE.

HON. ALANSON H. BARNES,
HON. GRANVILLE G. BENNETT, } ASSOCIATE JUSTICES.

---

THE TERRITORY v. CONRAD.

1. *INDICTMENT:* DEGREES OF CRIME: CONVICTION. On an indictment charging an assault, or assault and battery with intent to kill, the defendant may be convicted either of the crime charged, or of an assault, or assault and battery with intent to do bodily harm, or for assault and battery, or for a simple assault.

2. ———: ———: ———. An assault with intent to do bodily harm and without justifiable or excusable cause, is not a felony under the statute, nor was it at common law.

The Territory vs. Conrad.

*3.* ———.·: VERDICT: JUDGMENT. A verdict on an indictment for "an assault upon and for shooting one F. McM. with a pistol, commonly known as a revolver, loaded with gun powder and leaden bullets, with intent to kill," finding " the defendant guilty of assault with intent to do bodily harm, and without justifiable or excusable cause," is a conviction for a misdemeanor, and will not sustain a judgment as for a felony.

*4. SENTENCE:* ILLEGALITY: CORRECTION. Where the only error complained of is the illegality of the sentence, the Supreme Court has the power to affirm the conviction, modify the judgment, and remit the case to the court below that the proper judgment may there be imposed.

### *Writ of Error to the Yankton County District Court.*

THE defendant was indicted and tried in the court below for " an assault upon and for shooting one F. McM. with a pistol, commonly known as a revolver, loaded with gun powder and leaden bullets, with intent to kill." The statute under which this indictment was found, reads as follows: " Every person who shoots or attempts to shoot at another, with any kind of firearms, or other means whatever, with intent to kill any person; or who commits any assault and battery upon another by means of any deadly weapon, and by such other means or force as was likely to produce death, with intent to kill any other person, is punishable by imprisonment in the Territorial prison not exceeding ten years." (Penal Code, § 279.) The statute relating to assaults with intent to do bodily harm, is as follows: " Every person who with intent to do bodily harm and without justifiable or excusable cause, commits any assault upon the person of another, with any sharp or dangerous weapon; or who without such cause, shoots or attempts to shoot at another with any kind of firearms, or air gun, or other means whatever, with intent to injure any person, although without intent to kill such person or to commit any felony, is punishable by imprisonment in the Territorial prison, not exceeding five years, or by imprisonment in a county jail not exceeding one year." (Penal Code, § 309.)

"A felony is a crime which is, or may be punishable with death or by imprisonment in the Territorial prison. Every other crime is a misdemeanor." (Penal Code, §§ 5 and 6.)

Upon the trial the jury rendered the following verdict, to-wit: "We, the jury, find the defendant guilty of an assault with intent to do bodily harm, and without justifiable or excusable cause." There was no motion for a new trial, or in arrest of judgment; and no steps were taken to bring the evidence, or any part of it, within the record. The Court sentenced the defendant to five years' imprisonment in the Territorial prison, to which judgment the defendant excepted and removed the cause to this court by writ of error, presenting the sole question as to the legality of the judgment.

*S. L. Spink*, for defendant.

Under the statutes of Dakota there is no such crime as assault with intent to do bodily harm, unless the assault is committed with some sharp or dangerous weapon, or some shooting instrument. (Sec. 309, Penal Code.) The weapon used is a necessary ingredient of the crime, and the failure of the jury to find that the assault was committed by one of the weapons named in the above section reduced the verdict to a verdict for simple assault, for which the punishment is fine or imprisonment in the county jail, or both. (*O'Leary v. The People*, 17 Howard's Practice Rep., 316; 4 Parker's Cr. Rep., 187; 5 Parker's Cr. Rep., 214; 24 Howard's P. R., 400; 47 Barber, 504; 4 Parker's Cr. Rep., 61; 6 California, 562; 9 California, 260; 40 California, 427; 44 California, 580; 45 California, 281; 47 California, 112; 50 Miss., 492.) Statute of N. Y.: assault with intent to commit bodily injury; see Wharton's American Cr. Law, 2d Vol., § 1274.

*P. K. Faulk*, District Attorney, for the Territory.

Sections 280 and 309, Penal Code.

INDICTMENT.—The greater offense, that is the assault with intent to kill, includes the lesser, the assault with intent to do bodily injury—assault, *main* charge. (Opinion of Supreme Court of Dakota in *Odell* case; Secs. 291, 292, Penal Code.)

As to form of verdict, *vide* sections 394, 395, and 400, 401, 402, of Code of Criminal Procedure. (26 Illinois, 500; 30 California, 215; 26 Texas, 114; Green. Crim. Reports, 194.)

SHANNON, C. J.—The defendant was indicted and tried in the District Court of Yankton county, for an assault upon and for shooting one Frank McMahon with a pistol, commonly known as a revolver, loaded with gun powder and leaden bullets, with intent to kill.

There was a preliminary motion, on part of the defendant, for a continuance. To the ruling of the Court denying said motion, the defendant took an exception, which was abandoned, and is not contained in the assignment of error.

The jury rendered the following verdict: "We, the jury, find the defendant guilty of assault with intent to do bodily harm, and without justifiable or excusable cause."

There was no motion for a new trial, or in arrest of judgment, and no step was taken to bring the evidence, or any part of it, within the record.

The Court, on May the first, 1877, sentenced the defendant to five years' imprisonment in the Territorial prison, to which judgment the defendant immediately excepted. And thereupon a writ of error was allowed and a certificate of probable cause therefor given by the Judge below, in pursuance of sections 473 and 479 of the Code of Criminal Procedure. The certificate was filed and the execution of the judgment was stayed, and the defendant is detained to abide the judgment of the Supreme Court, according to section 480 of the same Code.

The sole exception before us, is to the judgment itself. The only assignment of error is, that the District Court erred in pronouncing judgment as for a felony and sentencing the defendant to confinement for five years in the penitentiary, upon the verdict of the jury, the verdict amounting only, as alleged, to finding the defendant guilty of a simple assault, which is a misdemeanor only.

Our Penal Statutes on the subject, in force at the time of the commission of the offense, were the same as those now existing. Section 279 of the Penal Code (Revised Codes; page 769), prescribes that "every person who shoots or attempts "to shoot at another with any kind of firearms, air gun, or "other means whatever, with intent to kill any person, or

"who commits any assault and battery upon another by "means of any deadly weapon, and by such other means or "force as was likely to produce death, with intent to kill any "other person, is punishable by imprisonment in the Terri-"torial prison not exceeding ten years."

This section is divisible, contains two clauses and embraces two species of offense punishable alike. The first relates alone to shooting or attempting to shoot at another with any kind of firearms, air gun, or other means whatever, with intent to kill any person. The indictment now before us was framed upon this first branch of the section, and charges an assault and a shooting, "with a certain kind of firearms, to-wit: a pistol, commonly known as a revolver, then and there loaded with gun powder and leaden bullets," with intent to kill him, the said Frank McMahon, charging the intent in proper words.

The second branch of this section has reference to the commission of *any assault and battery* upon another by means of *any* deadly weapon, and by such *other* means or force as was likely to produce death, with intent to kill any other person.

But the jury did not find the defendant guilty of the offense with the commission of which he stood charged. They inferentially acquitted him of that when they found him guilty of an assault "with intent to do bodily harm."

The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit the offense. (See Code of Crim. Pro., § 402.)

This court accordingly held, at the January term, 1876, in the case of *The People v. Orris F. Odell*, [Mr. Justice BENNETT delivering the opinion], on an indictment for shooting, with a shot-gun, with intent to kill, that a defendant "may be convicted either of the crime charged, or of an assault or assault and battery with intent to do bodily harm, or for assault and battery, or for a simple assault." In that case, however, the verdict was "guilty as charged in the indictment." No question did or could arise in it as to the proper form of a verdict,

The Territory vs. Conrad.

upon such an indictment, when the jury should conclude to convict only of the second grade, to-wit: under section 309 of the Penal Code.

It has been argued by the counsel for the Territory that the jury plainly intended to convict under this section, that the conviction is good under it, and that the judgment is valid. Let us examine this important question in the light of the statute itself. By section 309 of the Penal Code it is declared that " every person who, with intent to do bodily harm, and " without justifiable or excusable cause, commits any assault " upon the person of another with any sharp or dangerous " weapon—or who, without such cause, shoots or attempts to " shoot at another with any kind of firearms, or air gun, or " other means whatever, with intent to injure any person, al- " though without intent to kill such person or to commit any " felony, is punishable by imprisonment in the Territorial " prison not exceeding five years, or by imprisoment in a " county jail not exceeding one year."

This section is likewise divisible: First, every person who, with intent to do bodily harm (although without intent to kill, etc.), and without justifiable or excusable cause, commits any assault upon the person of another with any sharp or dangerous weapon is punishable, etc. Secondly, every person who, without such cause, shoots or attempts to shoot at another with any kind of firearms, or air gun, or other means whatever, with intent to injure any person, although without intent to kill such person or to commit any felony, is punishable, etc. This second clause, except as to the intent and punishment, is almost the counterpart of the first branch of section 279, and both have special reference to shooting or attempting to shoot. The other clauses in the two sections have relation not to shooting and firearms, but to other instrumentalities, viz.: in the one case to deadly weapons or force, in the other to sharp or dangerous weapons.

In each of these divisions, as applicable to a given case, a compound offense is carefully marked out and defined, the initial ingredient being an assault. Certain elements, or particulars, are specified, which, when united, form the comple-

ment of the offense. It is not the criminality of the intent alone, nor is it the nature or kind of the weapon, or means employed, merely; for each is a component and an essential part of the whole offense as described, and each lends its own peculiar aggravation to the crime.

In an indictment under either branch of this section, it would clearly be requisite to charge all the particular circumstances *necessary* to constitute the complete offense. The accurate pleader can readily perceive that as to one element the kind or nature of the instrument is essential to be alleged. And as an indictment must be direct and certain as it regards the particular circumstances of the offense charged, when they are *necessary* to constitute a complete offense, so must a verdict be direct and certain in a case like this, and must embrace all the necessary elements, if the jury intended to convict under this section. Perhaps the jury so intended; but how are we to say this, except by giving a loose rein to conjecture or inference? It is their peculiar province to determine facts, intents, and purposes; and it is their duty to pronounce their conclusions in accordance with their own judgments. As juries do not give reasons for their verdicts, it can never be legally known what were the precise grounds for them; and if they are in any degree favorable to the accused, it is always presumable they were so given because the evidence was not sufficient in degree, or satisfactory in character.

It would be supremely dangerous to extend the express language of a verdict so as, by implication, to supply a supposed omission, which would make that a felony, which is explicitly declared a misdemeanor. In a case like this every principle of propriety and safety tends to holding to the rule of a strict construction.

This verdict does not find the defendant guilty of the assault as charged, or in manner and form as alleged in the indictment. It does not express the kind or nature of any weapon used. Take it as it is and what does it amount to? An assault with intent to do bodily harm, and without justifiable or excusable cause, is not a felony by our statute, nor was it at common law. With all its verbiage it is nothing

but a simple assault, and the defendant below cannot be punished for a felony.

In *Hursy v. The People*, 47 Barbour, 503, the verdict was "guilty of an assault with intent to do bodily harm." It was held that this was in legal effect but a finding of guilty of simple assault, and that the sentence, being for a felony, was unauthorized.

In *O'Leary v. The People*, 17 How. Pr. R , 316, (also in 4 Parker, 187,) which was an indictment for assault and battery with a deadly weapon with intent to kill, the verdict was "guilty of assault and battery with intent to kill." The jury, however, did not find the defendant guilty of that which, under the New York statute, constituted a main feature of the offense, to-wit: the commission of the act " by means of any deadly weapon." The prisoner had been sentenced as for a felony to the State's prison, but the judgment was reversed.

The 50th section of the statute of California, concerning crimes and punishments, (quoted in *The People v. Murat*, 45 Cal., 282,) was as follows: "An assault with an intent to " commit murder, rape," etc., "shall subject the offender to " imprisonment in the State prison for a term not less than " one year nor more than fourteen years. An assault with a " deadly weapon, instrument, or other thing, with an intent " to inflict upon the person of another a bodily injury, where " no considerable provocation appears, or where the circum- " stances of the assault show an abandoned and malignant " heart, shall subject the offender to imprisonment in the " State prison, not exceeding two years, or to a fine not ex- " ceeding five thousand dollars, or both such fine and impris- " onment."

Under the new Penal Code of that State, adopted in February, 1872, the old statutes on the subject are substantially retained. (See §§ 217, 220, 221, 245.)

The following decisions of the Supreme Court of California, although based upon the foregoing enactments, (which are different from ours) yet sustain the principle we have established in the present case: *The People v. Davidson*, 5 Cal., 134;

The Territory vs. Conrad.

*The People v. Nugent*, 4 Cal., 341; *People v. Vanard*, 6 Cal., 562; *People v. Wilson*, 9 Cal., 260; *People v. English*, 30 Cal., 215; *Exparte Ah Cha*, 40 Cal., 426; 44 Cal., 32; *People v. Congleton*, 44 Cal., 92; *Exparte Max*, 44 Cal., 579; *People v. Murat*, 45 Cal., 281; *People v. Martin*, 47 Cal., 112.

The defendant was legally and regularly convicted of a misdemeanor. Everything is right but the sentence, which is in excess and illegal; this court, therefore, has the power to affirm the conviction, modify the judgment, and remit the case to the court below that the proper judgment may be there imposed. For this court is not confined to the mere alternative of reversing or of affirming a judgment. It has also the authority to modify a judgment, and as in civil cases, to direct the proper judgment to be entered. That is to say, it may reduce, or lower, in extent or degree, any sentence so as to make it conformable to law, where a mistake or error is shown to exist in it. It may change the form of the judgment, or give a new form to it, so as to bring it within the jurisdictional scope of a legal conviction.

It is therefore adjudged that the said judgment of the District Court of the county of Yankton, rendered on the first day of May, 1877, sentencing the said Charles M. Conrad to imprisonment in the Territorial prison for five years, be and the same is hereby modified and reduced in this, to-wit: that instead of the said imprisonment in the Territorial prison, the said Charles M. Conrad shall either undergo an imprisononment in the county jail not exceeding one year, or he shall pay a fine not exceeding one thousand dollars, or be sentenced to both such fine and imprisonment. And in order to carry this modified judgment into effect, it is directed that the said District Court cause the said Charles M. Conrad to be brought before it, to receive judgment accordingly.

All the Justices concur.

NOTE.—The following cases have been examined and considered in reference, generally, to the present case: Dawson v. The People 25 N. Y., 399; Keefe v. The People, 40 N. Y., 348: Dedieu v. The People, 22 N. Y., 184; Ratzky v. The People, 29 N. Y., 133; Harris v. People, 59 N. Y., 599; Slattery v. People, 1 Hun, 311, affirmed by Ct. of App. in 58 N. Y., 354.