### STATE v. PETERSON.

The judgment must be based on a sufficient indictment or information, or, if accused is found guilty of a less offense, the jury must find its essential elements.

Pen. Code, § 314, makes it essential to an assault with intent to do bodily harm that it be made with a dangerous weapon, or that accused shot at, or attempted to shoot, another with intent to injure. Under an indictment for assault with intent to kill, a verdict was returned of assault with intent to do great bodily harm. **Held,** that the verdict was, in effect, for a simple assault only, as it did not find the essential elements of assault with intent to do bodily harm.

(Opinion filed, Sept. 4, 1909.)

Appeal from Circuit Court, Stanley County. Hon. J. H. McCoy, Judge.

Peter H. Peterson, under an information for assault with intent to kill, was found guilty of assault with intent to do great bodily harm, and he appeals. Modified.

*Gaffey & Stephens,* for appellant. *S. W. Clark, Atty. Gen.,* for the State.

CORSON, J. Upon an information duly filed by the state's attorney of Stanley county the defendant was tried upon the charge of an assault with intent to kill one George Crowe, and the following verdict returned by the jury: "We, the jury, find the defendant guilty of assault with intent to do great bodily harm"— which verdict was by the court ordered entered. After verdict, and before judgment, the defendant moved the court for an arrest of judgment on several grounds; the only one bearing upon this question being as follows: "That the verdict returned by the jury in the above-entitled cause is insufficient in form and substance, and is not sufficient upon which to base a judgment of the

court, that said verdict is neither general or special, and that it does not find the defendant guilty in terms of any felony under the statutes of this state, and that the same is neither definite nor intelligible." The court overruled this motion in arrest of judgment, and thereupon entered a judgment that: "The court does adjudge, and the sentence is that you, Peter H. Peterson, be imprisoned in the penitentiary of this state in the city of Sioux Falls, state of South Dakota, for the term of 10 months, commencing at 12 o'clock m., 27th day of July, A. D. 1908, and that you stand committed until this sentence is complied with."

It is contended by the appellant that the verdict as returned by the jury was, in effect, a verdict for a simple assault, and that under such a verdict the defendant could only be punished as for a misdemeanor, and that the maximum judgment and sentence which could have been imposed by the court was a fine of $100, or imprisonment in the county jail for not more than 30 days, or both, as provided by section 313 of the Penal Code. We are of the opinion that the defendant is right in his contention. The verdict of the jury, in effect, acquitted the defendant of the crime of an assault with intent to kill, but found him guilty of a less offense included within the charge as made in the information. Under the information the defendant might have been convicted of the crime of an assault with intent to do bodily injury, or of the crime of assault and battery. But as the jury acquitted the defendant of the charge made in the information of an assault with intent to kill, and in order to find him guilty of an assault with intent to commit bodily injury, it was necessary for them to find the essential elements that constitute this offense. The judgment in a criminal case must be based upon a sufficient indictment or information, or in case the jury find the defendant guilty of a less offense, the essential elements constituting the same must be found by the jury; otherwise the judgment has no basis upon which to stand.

Section 314 of the Penal Code provides: "Every person who, with intent to do bodily harm, and without justifiable or excusable cause, commits any assault upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots or atempts to shoot at another, with any kind of firearm, or air gun or other means whatever, with intent to injure any person,

although without intent to kill such person or to commit any felony, is punishable by imprisonment in the state prison not exceeding five years, or by imprisonment in a county jail not exceeding one year." It will be observed by that section in order to constitute the crime of an assault with intent to do bodily harm, it must be alleged in the indictment or information, or found by the jury, that the assault upon the person was made with a sharp or dangerous weapon, or that the defendant shot at, or attempted to shoot at the person with some kind of firearm, with intent to injure such person. It will be observed that in the verdict returned by the jury in this case neither of these essential elements constituting the offense of an assault with intent to do bodily harm is found by the jury, and that the offense as found is that of simple assault. It was not competent for the court to indulge in any presumptions as against the defendant, or to supply the omissions in the verdict of the jury, of the essential elements of the crime of an assault with intent to commit bodily injury, and hence its judgment is not based either upon the information or the verdict of the jury, and therefore cannot be sustained.

The case of Territory v. Conrad, 1 Dak. 363, 46 N. W. 605, decided by the territorial Supreme Court, in which that court held, "A verdict on an indictment for 'an assault upon and for shooting one F. McM. with a pistol commonly known as a revolver, loaded with gunpowder and leaden bullets, with intent to kill,' finding 'the defendant guilty of assault with intent to do bodily harm, and without justifiable or excusable cause,' is a conviction for a misdemeanor, and will not sustain a judgment as for a felony," is directly in point. In that case the court, speaking by Chief Justice Shannon, says: "It would be supremely dangerous to extend the express language of a verdict so as, by implication, to supply a supposed omission, which would make that a felony, which is explicitly declared a misdemeanor. In a case like this every principle of propriety and safety tends to holding to the rule of a strict construction." And the court in that case modified the judgment, and directed the court below to enter a judgment as for a misdemeanor. It will be observed that in that case the verdict of the jury was as follows: "We, the jury, find the defendant guilty of assault with intent to do bodily harm, without justifiable or excusable cause"—which is practically the same as the verdict returned in the case at bar.

The Supreme Court of North Dakota adopted a similar view in the case of State v. Johnson, 3 N. D. 150, 54 N. W. 547. In that case the court held that: "Where the accused was charged with an assault and battery when armed with a deadly weapon, 'with intent to kill,' and the verdict was for 'assault and battery with intent to do bodily harm, as charged in the information,' * * * the verdict will warrant a conviction for assault and battery only. The weapon with which an assault is committed is an essential feature of the crime. * * * The jury failed to find the weapon, and the omission is fatal to a conviction for felony." It will be observed that in that case the jury found the defendant guilty of assault and battery with intent to do bodily harm "as charged in the information," but that court held that the words "as charged in the information" were ambiguous, and could not be supplied for the purpose of showing that the assault and battery was committed with a dangerous weapon, in view of the fact that the effect of the verdict was to acquit the accused of the offense charged in the information. In view of the fact that the crime of an assault with intent to kill and the crime of an assault with intent to commit bodily injury are defined in our Code the same as they were defined in the statute at the time of the decision of the case of Territory v. Conrad supra, and as in the opinion of the territorial Supreme Court the questions presented in this case are so fully and exhaustively discussed by Chief Justice Shannon, and the views therein expressed meet with our approval, we do not deem it necessary to further discuss the question in this opinion. The offense of an assault was charged and found by the jury, and the verdict warrants a conviction for that offense only.

The judgment of the circuit court is therefore modified, and that court is directed to sentence the plaintiff in error for the crime of an assault only.

McCOY, J., taking no part in this decision.