THE PEOPLE *v.* ZAMBRANA.

APPEAL from the District Court of San Juan, Section 2.

No. 444.—Decided June 28, 1912.

CRIMINAL LAW—AGGRAVATED ASSAULT AND BATTERY—SIMPLE ASSAULT—DEFECTIVE COMPLAINT.—A complaint for aggravated assault and battery wherein it is not alleged that the assailant was an adult male and the assailed a woman is defective and cannot support a judgment of conviction for aggravated assault and battery; but said complaint is sufficient to charge the crime of simple assault.

ID.—QUALIFICATION OF CRIME—COMPLAINT.—That which determines the nature of the crime charged in a complaint is not the name given thereto in such complaint but the facts alleged therein.

ID.—DEMURRER TO COMPLAINT—SUPERFLUOUS ALLEGATIONS—AGGRAVATED ASSAULT AND BATTERY—SIMPLE ASSAULT.—When the facts constituting the crime of aggravated assault and battery have not been properly alleged in the complaint and said complaint for such reason has been demurred to, the court may overrule the demurrer and hold the facts improperly alleged to be superfluous and the complaint sufficient for a simple assault and battery.

ID.—EVIDENCE—STRIKING OUT PART OF EVIDENCE.—A motion to strike out a part of the testimony of a witness without specifying the part objected to should be overruled in that ground.

ID.—STRIKING OUT PART OF EVIDENCE—OBJECTION TO TESTIMONY.—A motion to strike out a part of the testimony of a witness made after said testimony had been admitted without objection should be overruled on the ground that it was not made at the proper time.

ID.—APPEAL—EVIDENCE—UNIMPORTANT ERRORS.—The admission or exclusion of evidence which will not affect the result of a trial constitutes an unimportant error and should not be considered by this court on appeal.

The facts are stated in the opinion.

*Mr. Celestino Iriarte, Jr.,* for appellant.

*Mr. Charles E. Foote, Fiscal,* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This case had its origin in the Municipal Court of San Juan. The complaint, charging an aggravated assault and battery, was filed on December 26, 1911, and reads substantially as follows:

"'Municipal Court of San Juan, P. R. United States of America. The President of the United States, ss: *The People of Porto Rico* v. *Emilio Zambrana.* I, Amadeo Barreto, corporal of Insular Police, a resident of San Juan, No. 60 San Francisco Street, 38 years of age, make a complaint against the said Zambrana for the crime of assault and battery, with aggravating circumstances, committed in the following manner: That on December 25, 1911, at 1 a. m., at No. 110 Luna Street, of the Municipal Judicial District of San Juan, the defendant, voluntarily and maliciously, assaulted and struck María Laureano with a bottle, causing her various wounds and contusions, as described in the certificate issued by the doctor, which is attached hereto, this act being against the form, efficacy and purposes of the law for such cases made and provided and against the peace and dignity of The People of Porto Rico.''

Having lost the case in the municipal court, the defendant appealed the same to the district court, where it was tried over again and his punishment was assessed at $50 fine and payment of the costs, and, in default of satisfaction thereof, he was condemned to be imprisoned one day for each dollar of the fine which remained unsatisfied. Against this judg-

ment, also rendered on March 1 in the present year, he appealed to this court, and the case is presented to us on the record, wherein we find a statement of the case containing all the evidence introduced on the trial and a bill of exceptions taken during the same. The accused also filed a brief, on the hearing in this court, which was had on the 4th of the present month.

Three errors are assigned by the appellant in his brief as a basis on which he seeks a reversal of the judgment. They are substantially as follows:

First. The court erred in dismissing the peremptory exception to the complaint.

Second. The court erred in denying the motion to strike out a part of the testimony of the prosecuting witness, Barreto.

Third. The court erred in refusing the motion soliciting the acquittal of the accused for want of evidence.

I. The exception made to the complaint is that it does not state facts sufficient to constitute an aggravated assault, inasmuch as it does not allege the aggressor to be an adult male and the party assaulted to be a female. In this particular the complaint is defective and cannot sustain a judgment for an aggravated assault; but it is sufficient as a complaint for a simple assault, and if, in other respects, the judgment is found to be correct, it can be modified in this particular. It is not the name given to the offense in the complaint which determines what may be the charge against the accused, but that depends on the facts alleged therein. (*People* v. *González,* 11 P. R. R., 1140; also *People* v. *Massó,* decided by this court on the 18th instant.)

There can be no doubt that the facts alleged in the complaint constituted the offense of a simple assault and battery, and, since an offense against the law was sufficiently set out, the court committed no error in overruling the exception taken thereto. When the facts constituting the aggravation are not properly alleged, in a complaint for assault

and battery with aggravating circumstances, the latter allegation can be rejected as superfluous and the complaint considered as sufficient for a simple assault and battery. (*People* v. *Olivieri,* 13 P. R. R., 282; *People* v. *Vilches,* 12 P. R. R., 188; Sec. 81, Code Crim. Pro.; *People* v. *Martin,* 47 Cal., 112.)

II. The motion to strike out the testimony of the witness Barreto was properly refused. Nearly all of it was a part of the *res gestae.* The motion made for suppression of this testimony was very indefinite and did not designate what particular part of the testimony was objectionable, and, not being sufficiently specific, it was properly overruled on this account. (See *Kelly* v. *The People,* 29 Pac. Rep., 805; *Higginbotham* v. *State,* 89 Am. State Rep., 237.) Besides, the motion to strike out comes too late, after the evidence was admitted without objection on the part of the defendant. This we have decided in a recent case on the 11th of the present month. (*People* v. *Massó,* referring therein to *The People* v. *Long,* 43 Cal., 444, and other cases.) Moreover, the only part of the testimony of the witness Barreto which was liable to the objection of being hearsay was the reply to the last question, and the admission or rejection of this would not have affected the result of the trial; hence, it was a harmless error, if error at all, and must be disregarded on this appeal. (*People* v. *San Miguel,* 5 P. R. R., 376; *People* v. *Aybar,* 7 P. R. R., 518; *People* v. *Milan,* 7 P. R. R., 443; *People* v. *Calero,* decided Feb. 12, 1912; Code Crim. Pro. P. R., sec. 362; Sess. Acts 1905, p. 10.)

III. The third error assigned is in regard to the lack of evidence to support the conviction and is without foundation. Whether or not a bottle was the weapon used in the row is immaterial, as merely pushing the woman over, causing her to fall against the sewing machine and to receive the cuts and bruises, undoubtedly inflicted, was sufficient to constitute the offense charged against the accused and of which he was convicted. This matter of the bottle seems to be the basis of the motion to acquit. We have carefully examined

and considered all the evidence, and, although in some particulars it is conflicting, it is ample to sustain the judgment.

For the reasons herein stated, none of the errors specified are sustained; but the judgment appealed from should be modified declaring the accused guilty of a simple assault and battery and imposing upon him a fine of $25, and, in default of payment thereof, one day of imprisonment for each dollar remaining unpaid, together with all costs of this prosecution.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.