EL PUEBLO, DEMANDANTE Y APELADO, *v.* LANGE, ACUSADO Y APELANTE.

APELACIÓN procedente·de la Corte de Distrito de Mayagüez, en causa sobre acometimiento con circunstancias agravantes.

No. 895.—Resuelto en junio 24, 1916.[1]

ATENTADO A LA VIDA—ACOMETIMIENTO CON CIRCUNSTANCIAS AGRAVANTES—ACUSACIÓN SUFICIENTE.—Aduce hechos constitutivos tanto del delito de atentado a la vida como también el de acometimiento con circunstancias agravantes, una acusación en que se alega que el acusado, de manera voluntaria, criminal y con malicia premeditada, atacó armado de un arma de fuego a determinada persona, haciéndole con dicha arma de fuego tres disparos, y con intención entonces y allí de cometer asesinato.

ID.—ARMA DE FUEGO—ARMA MORTÍFERA.—Para incluir el delito de acometimiento con circunstancias agravantes no es necesario especificar en una acusación por atentado a la vida cuando el arma usada es una de fuego, que ella estaba cargada con pólvora y bala, ni tampoco es necesario alegar textualmente que el arma era mortífera, si del contexto de la acusación ambos hechos aparecen claramente.

ID.—INVESTIGACIÓN FISCAL—PRUEBA DE IDENTIFICACIÓN—ERRORES NO PERJUDICIALES.—Es procedente la admisión de la. declaración de un Fiscal sobre el examen que hiciera de un automóvil con relación a un delito, bajo la condición de identificar el mismo mediante otra prueba en el curso del juicio; y si dicha prueba se presenta, el error en que hubiera podido incurrir la corte en la admisión de aquella declaración incluyendo alguna manifestación por referencia en este sentido, quedaría subsanado y no sería perjudicial.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Herminio Díaz Navarro.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. HUTCHISON emitió la opinión del tribunal.

El acusado y apelante fué declarado culpable del delito de acometimiento con circunstancias agravantes, a virtud de una acusación por atentado a la vida en que se alegan los hechos como sigue:

"El citado acusado, Rafael U. Lange, en época anterior a la presentación de esta acusación, o sea allá en o por el día 16 de febrero de 1914, y en la ciudad y municipio de Mayagüez, territorio de la

---

[1] En julio 26, 1916, denegada reconsideración.

corte de distrito del mismo nombre, de una manera voluntaria, criminal y con malicia premeditada, atacó armado de un arma de fuego, a Pedro Perea Fajardo, haciéndole con dicha arma de fuego tres disparos y con intención entonces y allí de cometer asesinato, etc.''

Interpuesta excepción perentoria por el fundamento de que la acusación no aduce hechos súficientes para constituir el delito de que se acusa al acusado, fué debidamente desestimada por la corte

Después del veredicto el acusado presentó una moción de sobreseimiento, por las razones siguientes:

''1. El acusado en el acto del juicio de este caso opuso a la acusación la excepción perentoria de que no aducía hechos suficientes para determinar el delito de atentado a la vida con intención de cometer asesinato y ni siquiera el de acometimiento y agresión grave, toda vez que la acusación no expresaba que el arma de fuego usada por el acusado fuera mortífera, ni que el acusado disparara sobre la persona del agredido, ni cuál fué el daño violento recibido por el agredido, o en su caso, cuál fué el motivo por el cual el daño no llegó a realizarse. Tal excepción fué declarada sin lugar por la corte y celebrado el juicio, el jurado declaró al acusado culpable del delito de acometimiento grave.

''2. Alega el acusado que la acusación en este caso es defectuosa de acuerdo con lo dispuesto en el artículo 153 del Código de Enjuiciamiento Criminal, en relación con el 218 del Código Penal y el inciso 8 de la sección 6ª. de la 'Ley para determinar y castigar el delito de acometimiento y agresión,' aprobada en 19 de marzo de 1904, y que, por tanto, dicha acusación es insuficiente para sostener una sentencia de acometimiento grave.''

La corte sentenciadora al desestimar esta moción se expresó en estos términos:

''En la acusación se alega que el perjudicado fué atacado por el acusado con un arma de fuego, si no hubiera dicho más, eso no se podría considerar como arma mortífera, pero sigue y dice: 'haciéndole con dicha arma de fuego tres disparos,' ya claramente hay los elementos necesarios alegados en la acusación para deducir que el arma empleada era un arma mortífera. Otro fundamento que la corte quiere añadir es que un arma de fuego disparada contra una persona se presume que fué cargada. Y la corte cita a este funda-

mento el caso de *Lockland* v. *State*, 45 Texas Criminal Reports, pág. 87. Por esas razones la corte desestima la moción."

Antes de dictarse la sentencia el acusado presentó una solicitud de nuevo juicio por los fundamentos siguientes:

"1. Errores de derecho cometidos por la corte durante la sustanciación del juicio, de los cuales tomó excepción el acusado.

"2. Porque el veredicto del jurado es contrario a derecho y a las pruebas practicadas, siendo, por tanto, completamente nulo."

No existe ningún señalamiento de error que sea muy preciso o específico. El .alegato en apelación es una reproducción sustancial del informe hecho ante la corte inferior, que fué resuelto en la resolución dictada sobre la moción de sobreseimiento, *supra*. Se alega que la acusación debe especificar el arma usada y si es un arma de fuego, que estaba cargada con pólvora y bala; que en dicha acusación debe alegarse de algún modo que el arma de fuego era mortífera; que un arma de fuego no es necesariamente un arma mortífera, puesto que una pistola de fulminantes, en manos de un niño, es un arma de fuego; y que la corte de distrito cometió error al desestimar la excepción perentoria que fué presentada en el juicio. Los únicos casos que han sido citados en relación con esta proposición, son los de *People* v. *Jacobs*, 29 Cal. 579, y *People* v. *Congleton*, 44 Cal. 92, ninguno de los cuales puede decirse que sostiene que un hombre que "armado de un arma de fuego" ataca a otro "haciéndole con dicha arma de fuego tres disparos y con la intención entonces y allí de cometer asesinato," no realiza un acometimiento con "arma mortífera."

La única otra cuestión que tenemos que considerar es la alegación de que la declaración del Fiscal Angel Acosta Quintero es puramente de referencia y que la corte inferior al negarse a eliminarla a solicitud del acusado, cometió un error que perjudica al acusado.

La declaración de referencia es como sigue:

"Me llamo Angel Acosta Quintero, soy abogado y Fiscal del

Distrito Judicial de Mayagüez, cuyo cargo ocupaba también en febrero de 1914. Conozco mucho al doctor Lange el cual es mi amigo particular y mi médico: en el mes de febrero de 1914 observé un automóvil en el cual iba el doctor Perea con ocasión de un incidente que hubo ese día y pude observar en el automóvil como un aplastamiento en el bonete, al lado derecho, pude observar también la carroza en la parte derecha un agujero que coincidía con otro que estaba al lado opuesto de la carroza y pude observar también otro agujero que estaba en la ventanilla que era de celuloide, de la parte atrás del carro. Yo no sé si el carro tenía antes esos agujeros y esa boyadura. A preguntas de la defensa contestó: Yo pude observar ese automóvil el día 16 de febrero, si la memoria no me es infiel, estaba en casa y fueron el doctor Perea, el Sr. Castro, y el Sr. Valdés a darme cuenta del suceso, me enseñaron el automóvil y pude verlo al día siguiente, en unión del Capitán Silén también reconocí el automóvil. El automóvil era del Sr. Valdés lo cual sé porque así me lo informó él, que era el automóvil en que venían ellos a raíz de cometerse el hecho. Hice otro reconocimiento en la casa del Dr. Lange. A preguntas del Fiscal, contestó: No puedo decir si el carro estaba parado cerca de la casa del Dr. Lange, pero yo lo reconocí frente a mi casa y luego, al día siguiente, tomé un automóvil porque quise examinar más detenidamente el automóvil del Sr. Valdés y cuando me dirigía con el Capitán Silén a la "Ana María," el Sr. Valdés venía y en la carretera de Añasco volví a examinar el automóvil."

En el momento en que fué presentada esta declaración, Manuel Paz el *chauffeur,* y Valdés, Castro y Perea, que se encontraban en el automóvil al tener lugar el acometimiento ya habían declarado sobre la *res gestæ,* incluyendo la perforación del carro por las tres balas de la pistola del acusado; y Valdés y Perea, ambos habían encontrado los agujeros en las diferentes partes del automóvil sustancialmente, como lo había manifestado Acosta Quintero. Sin embargo, después de la moción para eliminar la declaración del Fiscal, fué llamado nuevamente Perea y declaró como sigue:

"El día 16 de febrero tuve ocasión de estar en el momento en que el Sr. Acosta Quintero reconocía un automóvil, cuyo automóvil era el de Don Alfonso Valdés, el mismo en que yo venía con el Sr. Valdés cuando me disparó los tiros el dector Lange. Yo no sé si el Fiscal

vió el carro por segunda vez después que lo vió conmigo, pero yo cuando fuí a su casa para darle cuenta de lo que me había pasado, lo hice bajar para que viese el carro; ese carro era el mismo en·que yo venía con el Sr. Valdés y el mismo que recibió los tiros aquella tarde. A repreguntas de la defensa, contestó: Esa tarde me llevaban para casa, pasamos por en casa del Fiscal, que vivía un poquito más arriba de donde yo vivía y le dimos cuenta a él de lo que había pasado, antes de llegar a casa, yo no recuerdo haber estado en ninguna otra parte antes de ir a casa del Fiscal; cuando íbamos para casa iba en el automóvil Miguel Castro, el *chauffeur* y yo y no recuerdo si iba un policía también; creo que también iba Valdés pero no puedo asegurarlo, estaba yo en un estado de ánimo tal que después de los tiros no recuerdo mucho de este incidente; recuerdo de Don Alfredo Kopish que en el momento en que yo me dirigía a la casa del doctor Lange, él me cogió, pero no recuerdo más nada ni recuerdo si ha ido a casa conmigo, fué mucha gente a casa, pero en el automóvil no recuerdo si iba.''

Lo manifestado por el Fiscal sobre la investigación que hizo respecto a cierto automóvil y el resultado de ésta, no fué una declaración de referencia (*hearsay*). La propiedad del carro no era esencial y cualquiera duda que hubiera respecto a si era la misma máquina en que Valdés Perea y Paz viajaban al ocurrir el acometimiento, fué aclarada inmediatamente por la declaración de Perea. Tal vez la corte debió haber eliminado la declaración al ser presentada la moción o hecho que el Fiscal manifestara que la identidad del carro que él examinó quedaría establecida por otra prueba, en cuyo caso la admisión de la prueba en cuestión sujeta a dicha condición hubiera sido completamente procedente. Habiendo sido presentada inmediatamente la prueba tendente a establecer dicha identidad, el error, de haberse cometido alguno, quedó subsanado, o por lo menos no fué perjudicial.

No encontramos en los autos ningún error que exija la revocación y debe ser confirmada la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.