[No. 994.]

# THE STATE OF NEVADA, RESPONDENT, *v.* M. MARKS, APPELLANT.

CRIMINAL LAW — DISQUALIFICATION OF JUROR — WHEN NOT GROUND FOR NEW TRIAL.—The fact that, after a verdict of guilty has been rendered, the accused ascertains for the first time that before the jury was impaneled a juror had formed and expressed an opinion as to his guilt, is not a ground for a new trial.

IDEM—ASSAULT WITH INTENT TO KILL—INSTRUCTION.—The court instructed the jury that "an assault with intent to kill, is an unlawful attempt, coupled with a present ability, to kill another person under such circumstances as would constitute an unlawful killing had the death of the person assaulted actually resulted:" *Held*, correct.

IDEM—INTENTION — BURDEN OF SHOWING JUSTIFICATION. — The court instructed the jury, "that, if they find that the defendant, M. Marks, did assault the person named in the indictment, to wit, N. S. Gallagher, with a deadly weapon, in such a manner as was calculated to produce the death of said N. S. Gallagher, the law presumes that such was defendant's intention, and throws upon him the burden of showing facts in mitigation, justification, or excuse:" *Held*, not error.

IDEM.—The court instructed the jury "that, where an act in itself indifferent becomes criminal if done with a particular intent, then the intent must be proved and found; but when the act is in itself unlawful, the proof of justification or excuse lies on the defendant; and, in failure thereof, the law implies a criminal intent unless the proof on the part of the prosecution sufficiently manifests that the accused was justified or excused in committing the assault:" *Held*, not error.

APPEAL from the District Court of the Fifth Judicial District, Lander County.

The facts appear in the opinion.

*R. M. Clarke*, for Appellant:

I. The Court erred in refusing to grant a new trial on account of the bias of the juror Watson.

II. The court erred in its instructions to the jury.

In this case, the gist of the offense is, the intent unlawfully to kill. The unlawful intent is a material criminal fact, which, like every other fact, must be proved. The law lays the burden upon the State to prove the defendant guilty: that is, to prove every fact necessary to constitute the crime charged—every essential fact stated in the indictment. None of these facts can be presumed; and concerning them all, severally and collectively, the burden never shifts upon the defendant. (1 Lead. Crim. Cas. 316, 317, 318; 97 U. S. 297.)

*M. A. Murphy*, Attorney-General, for Respondent:

I. There was no error in refusing a new trial on the ground of the incompetency of the juror Watson. The court has no power to grant a new trial for such a reason, because it is not one of the grounds upon which a new trial can be granted. (Cr. Pr. Act; Comp. L., sec. 2053; *People* v. *Fair*, 43 Cal. 137; *People* v. *Mortimer*, 46 Cal. 114.

II. Intention is manifest by the circumstances connected with the perpetration of the offense. (Comp. L., sec. 2308.) When the act is proved to have been done by the accused, if it be an act in itself unlawful. The law in the first instance presumes it to have been intended, and the proof of justification or excuse lies on the defendant to overcome this legal and natural presumption. (3 Green on Ev., sec. 13, *et seq.; State* v. *McGinnis*, 6 Nev. 109; Stephens Cr. Law, 304, 305; *Com.* v. *York*, 9 Metc. 103, 121–123; *People* v. *Harris*, 29 Cal. 681.

By the Court, LEONARD, J.:

Appellant was convicted of assault with intent to kill one N. S. Gallagher. He appeals from an order overruling his motion for a new trial, and from the judgment. William Watson, one of the jurors who tried the cause, when questioned as to his qualifications to act as a juror, answered that he had not expressed an unqualified opinion as to the defendant's guilt or innocence. One of the grounds upon which a new trial was asked is: "The misconduct of Wil-

liam Watson, one of the jurors in said case, which miscon-
duct prevented the defendant from having a fair trial, in
this: that said William Watson, on or about the twenty-fifth
day of July last " (about the time of the assault and before
the trial), "in the presence of James S. Trask, did say that
the defendant should be hung, whether Gallagher died or
not; that said Watson was not an impartial juror." One of
the grounds stated in the statute upon which the court may
grant a new trial in a criminal case is: "When the jury has
separated without leave of the court, after retiring to delib-
erate upon their verdict, or been guilty of any misconduct
tending to prevent a fair and due consideration of the case."
The misconduct referred to in the statute is that only which
occurs after the jury has been impaneled and sworn to try
the cause. At the hearing of the motion for a new trial,
appellant presented an affidavit of said Trask, to the effect
that, on the day of the assault, Watson said to affiant that
"Marks, the defendant, ought to be taken out and hung;
that he did not care whether Gallagher died or not, Marks
ought to be hung, anyway."

The first question presented is, whether the court erred
in refusing to grant a new trial upon the ground stated. It
may be admitted that a challenge for implied bias would
have been sustained had the alleged expression of opinion
been admitted by Watson, or had it been otherwise satis-
factorily proved before the juror was sworn; but it by no
means follows from that fact, under our statute, that the
court erred in refusing to grant a new trial upon proof,
after verdict, of the incompetency of the juror, although
neither the defendant nor his counsel knew the facts al-
leged in the affidavit, at the time the jury was impaneled.
Many cases may be found in the reports of our sister
states where exceptions to the competency of jurors were
made after verdict, for the purpose of obtaining new trials,
and they show that the opinions of courts have been any-
thing but harmonious. But we are unable to find a case
where it has been held error to overrule such exceptions,
under a statute like ours, which, in substance, expressly

. forbids` the granting of a new trial upon the ground here urged.

Section 420 of the Criminal Practice Act (Stat. 1869, 67), provides that, " the court in which the trial is had upon the issue of fact, has power to grant a new trial where a verdict has been rendered against the defendant, upon his application, in the following cases only:"   *   *   *   The ground urged, now under consideration, is not among the cases stated.

Section 334 of the same statute (Stat. 1861, 469) provides, that a challenge to an individual juror "must be taken when the juror appears, and before he is sworn, but the court may, for good cause, permit it to be taken after the juror is sworn, and before the jury is completed." The evident design of the legislature in enacting these statutes was to cut off the exception now made, after verdict.

The constitution secures to an accused person the right to be tried by an impartial jury, and the legislature has no right or power to deprive him of such right; but it can regulate its administration by determining and declaring, in a reasonable way, when and how a juror's partiality shall be ascertained. It is not, and can not be, denied that the regulations prescribed by the legislature for the impaneling of trial jurors in criminal cases are just to the accused, and that they are well calculated to secure to him a trial by a fair and impartial jury. Under a similar statute, the point now urged was decided against appellant, in *The People* v. *Fair*, 43 Cal. 146, and *People* v. *Mortimer*, 46 Id. 120.

Besides, if, under the statute, appellant could obtain a new trial by means of an exception to the competency of a juror, made after` verdict, it was incumbent upon him to show, by affidavit or otherwise, that the objection was unknown to him or his counsel at the time the jury was impaneled. (*Parks* v. *The State*, and *Eastman* v. *Wight*, 4 Ohio St. 234, 160.)

Again, although, upon the hearing of the motion for a new trial, the state did not offer any affidavit or proof contradicting the affidavits of Trask, still the record shows that, the juror Watson, upon his *voir dire*, testified that he had

not expressed any unqualified opinion as to the guilt or innocence of the defendant. Under such circumstances, had the court been permitted to grant a new trial for the reason urged, we could not say it abused its discretion in deciding in favor of the credibility of the juror, instead of the witness. (*Heath's case*, 1 Rob. (Va.) 742; *Jones' case*, 1 Leigh, 614.)

The court instructed the jury in part as follows: "An assault with intent to kill is an unlawful attempt, coupled with a present ability, to kill another person under such circumstances as would constitute an unlawful killing, had the death of the person assaulted actually resulted. * * * * If you believe from the evidence, beyond a reasonable doubt, that the defendant, M. Marks, did make an assault upon the person of N. S. Gallagher, at the time and place named in the indictment, and under such circumstances that, had the said Gallagher died from the effects of the assault, the offense would have been manslaughter, then you should find the defendant guilty as charged in the indictment."

The instruction was correct. (*State* v. *O'Connor*, 11 Nev. 423.)

Appellant also objects to the following instruction: "The jury are instructed that, if they find that the defendant, M. Marks, did assault the person named in the indictment, to wit, N. S. Gallagher, with a deadly weapon, in such a manner as was calculated to produce the death of said N. S. Gallagher, the law presumes that such was defendant's intention, and throws upon him the burden of showing facts in mitigation, justification, or excuse."

It is claimed that this instruction placed the burden of showing mitigation, justification, or excuse upon defendant, "without regard to whether the evidence on the part of the prosecution, did or did not, sufficiently establish that defendant was justified in committing the assault." The statute (Sec. 33, Stat. 1861, 61) provides: "The killing being proved, the burden of proving circumstances of mitigation, or that justify or excuse the homicide, will devolve on the accused, unless the proof on the part of the

prosecution sufficiently manifests that the crime committed only amounts to manslaughter; or that the accused was justified or excused in committing the homicide."

In other words, the killing being proved, the burden of proving the crime to be manslaughter instead of murder, devolves upon the accused, *unless* the proof, on the part of the state, sufficiently manifests that, the crime committed only amounts to manslaughter; and, second, the killing being proved, the burden of proving circumstances that justify or excuse the homicide, and consequently acquit and discharge the defendant, devolves upon him, *unless* the proof on the part of the prosecution sufficiently manifests that he was justified or excused in committing the homicide. It is plain that, if the state's proof sufficiently shows that the homicide amounts to manslaughter only; or if it shows that the defendant was justified or excused, then the burden of proving circumstances of mitigation in the first case, or that excuse or justify in the last, do not devolve upon him.

But let us see whether, from the entire charge, the jury could have understood the instructions as they are construed by counsel for appellant. It is stated in this court, that where, from the entire charge, it clearly appears that, the jury could not have been misled by the language objected to, the judgment will not be disturbed. (*State* v. *Donovan*, 10 Nev. 36; *State* v. *Raymond*, 11 Id. 98.)

The jury were instructed that, it was the intent to kill that constituted the gist of the offense, and the intent to kill must be proved; that the law in the first instance presumed the intent to kill to be proved when a person used a deadly weapon upon the person of another in a manner likely to produce death, *unless the facts shown on the trial of the case were sufficient to justify, mitigate, or excuse the act.*

The word "mitigate" should not have been used, but its use was favorable to defendant.

The court instructed further, that where an act, in itself indifferent, becomes criminal if done with a particular intent, then the intent must be proved and found; but when the act is in itself unlawful, the proof of justification or excuse lies on the defendant: and, in failure thereof, the law

implies a criminal intent *unless the proof on the part of the prosecution sufficiently manifests that the accused was justified or excused in committing the assault;* that the defendant was presumed to be innocent until his guilt was proved; and if, upon a consideration of *all the circumstances and all the evidence,* there was a reasonable doubt of his guilt, the jury should give him the benefit of such doubt.

We are satisfied, from the whole charge, that the jury could not have understood the court to instruct them that the burden of proving circumstances of mitigation, justification, or excuse, was upon the defendant, notwithstanding such circumstances may have .been sufficiently shown by the state. But, in truth, the court would not have erred if it had wholly omitted to instruct the jury that the defendant was entitled to the benefit of any evidence given on the part of the State tending to prove justification or excuse; because there was not a particle of evidence on the part of the state having such a tendency. On the contrary, the state's evidence proved a stabbing without a shadow of excuse or justification, and with scarcely a pretext of provocation.

The judgment and order appealed from are affirmed.