THE STATE OF NEVADA, RESPONDENT, *v.* OLIVER GEORGE HARVEY, APPELLANT.

No. 3404

May 9, 1944.        148 P. (2d.) 820.

*Morse & Graves* and *Louis Wiener, Jr.* all of Las Vegas, for Appellant.

*Alan Bible,* Attorney-General, and *V. Gray Gubler,* District Attorney, of Las Vegas, for Respondent.

# OPINION

By the Court, DUCKER, J.:

The appellant was convicted in the district court in Clark County of the crime of assault with intent to inflict upon the person of another a bodily injury. He has appealed from the judgment and order denying his motion for a new trial.

One of the jurors had been convicted of a felony in the district court of the United States for the District of Oregon, on the 6th day of November 1929, and had been sentenced therefor to two years and six months in a federal prison. This conviction was made to appear to the court on appellant's motion for a new trial, by his affidavit and affidavits of his counsel, and by an exemplified copy of the record of the juror's conviction. It was also averred in said affidavits that the conviction of the juror was unknown to appellant and his counsel when the jury was being impaneled, and was not known to them until after the verdict of the jury; that appellant's attorneys were misled by the juror's answers in reference to his qualifications and particularly wherein he stated in answer to a question that he knew of no reason why he could not act as a fair and impartial juror in the case; that the juror was disqualified to act as such by reason of said conviction, and had affiant known thereof he would have been challenged on the part of defendant. By reason of these facts appellant contends that he did not receive a fair and impartial trial, and therefore the court committed reversible error in denying his motion for a new trial.

This point has been decided adversely to appellant's

contention in State v. Marks, 15 Nev. 33. One of the jurors who tried the cause, had answered on voir dire that he had not expressed an unqualified opinion as to the defendant's guilt or innocence. No challenge was interposed to the juror. On the motion for a new trial on the ground of the juror's misconduct, the defendant presented an affidavit to the effect that on the day of the assault charged, the juror had said to the affiant that "Marks, the defendant, ought to be taken out and hung; that he did not care whether Gallagher died or not, Marks ought to be hung, anyway." A new trial was denied and the order and judgment were affirmed by this court. In its opinion it was declared that the statute in substance expressly forbids the granting of a new trial upon the ground urged. The statute referred to was sec. 420 of the criminal practice act. Stats. 1869, p. 67. It was pointed out that the ground was not among those cases stated in said section, which declared that the court had power to grant a new trial upon application of a defendant in the cases enumerated only. Referring also to sec. 334 of the same statute, providing that a challenge to an individual juror must be taken when the juror appears, and before he is sworn, but the court may, for good cause, permit it to be taken after the juror is sworn and before the jury is completed, this court said:

"The evident design of the legislature in enacting these statutes was to cut off the exception now made, after verdict."

■■ The court expressed the opinion that the misconduct referred to in said sec. 420 is only that which occurs after the jury has been impaneled and sworn to try the cause. We think the ruling in State v. Marks is sound, and as the sections of the then criminal practice act have their counterparts in secs. 11032 N. C. L. and 10940 N. C. L., the ruling must be deemed controlling here. Under these sections objection to the competency of a juror cannot be taken by an accused for the first time after verdict and relied upon as a

ground of motion for a new trial. It may be advanced that the rule announced in State v. Marks is a harsh one, but it is not the province of this court to alleviate the harshness of a statutory rule by strained construction. The statutes very clearly express the legislative intent, and construction therefore would be out of order. Legislative action could furnish an appropriate remedy. But the rule as applied to the instant case bears no implication of harshness. Incompetency of a juror by reason of having formed or expressed an unqualified opinion or belief that the prisoner is guilty or not guilty of the offense charged, is a statutory provision designed to insure a party against an unfair trial. But incompetency on account of a former conviction for felony is a mere arbitrary disqualification in the nature of a penalty against an individual who might be otherwise qualified for jury service. While the moral stigma may be thought in a measure to unfit such a person for serving on a jury, yet it does not follow that if he is sworn and acts that he will act unfairly. A party is given the statutory right to challenge such a person. However, the challenge must be exercised within the time required by law. The statutes mentioned are susceptible of no other meaning. As said in State v. Marks, supra:

"The constitution secures to an accused person the right to be tried by an impartial jury, and the legislature has no right or power to deprive him of such right; but it can regulate its administration by determining and declaring, in a reasonable way, when and how a juror's partiality shall be ascertained. It is not, and can not be, denied that the regulations prescribed by the legislature for the impaneling of trial jurors in criminal cases are just to the accused, and that they are well calculated to secure to him a trial by a fair and impartial jury."

We are satisfied that such purpose was accomplished in this case. There is no indication of injustice having been done in the case by the presence on the

jury of the juror now objected to. His examination on voir dire is in the record and shows that he endeavored in no way to conceal his disqualifications. He did not reveal it, but he was not asked about it.

The examination most relied on by counsel for defendant as having misled him, is in the following questions:

"Q. Do you know of any reason, Mr. ———, that would prevent you from acting as a fair and impartial juror if chosen in the case? A. I do not.

"Q. Do you know any fact or reason, Mr. ———, why you cannot serve as a juror in this matter? A. I do not."

The first answer is perfectly consistent with the truth and is an expression under oath that he would act as a fair and impartial juror. We are not prepared to say that the second answer shows any intentional deception. The conviction was fifteen years before the trial and it is altogether improbable, even if the juror ever knew that it was a disqualification, that this knowledge was then in his mind. The general presumption that every man is presumed to know the law would be a very violent one to indulge under such circumstances.

The next specification of error which we need consider, is misdirection of the jury. Under this head it is urged that instructions numbers 26, 27, 31 and 32, given by the court, are erroneous. Instruction number 26 contains the statutory definition of the offense charged and follows with a specification of the elements of the offense which the jury was instructed must be proved beyond a reasonable doubt to warrant a conviction. The objection that it contains no description of the deadly weapon mentioned, is without merit. The character of the weapon used was described in the information, and other instructions properly informed the jury that it was for them to determine from the character, size, and weight, and the manner of its use as shown by the evidence, whether such weapon was deadly

or not. On the whole the jury was correctly informed in this respect. They were told that in applying an instruction to the facts of the case to ascertain whether one or more other instructions have a bearing on the instruction under consideration, and that the law of the case was not all embraced in any one instruction. Objection is also taken to the instruction as to that part where the jury was told that in order to convict the defendant it must find beyond a reasonable doubt "(a) that there was no considerable provocation for said assault; or (b) that the circumstances of the said assault show an abandoned and malignant heart." It is claimed to be erroneous and prejudicial in including the alternative clause "(b) that the circumstances of the said assault show an abandoned and malignant heart," whereas this matter was not alleged in the information, but only that the assault was without provocation. Both of these parts of the statute defining the crime of assault with a deadly weapon with intent to inflict upon the person of another a bodily injury "are negative qualifications of the offense and are not essential to either the indictment (or information) or verdict. They must be taken advantage of in defense at the trial." State v. Robey, 8 Nev. 312. Consequently it was not necessary for the state to prove either of them beyond a reasonable doubt or at all. The appellant therefore cannot be heard to complain of an error in the instruction so favorable to him. If he wished instructions on these matters he should have offered them. See State v. Ah Chew, 16 Nev. 50, 40 Am. Rep. 488, and State v. Buckaroo Jack, 30 Nev. 325, 96 P. 497, for an analogous principle to that involved in State v. Robey, supra.

■ Instruction number 27 states the statutory definition of an assault. It was not erroneous. The instruction was proper to inform the jury as to what constituted one of the essential elements of the offense charged. It was not misleading, as contended by appellant.

■ Instruction number 32 complained of reads:

"You are instructed that unless you believe beyond a reasonable doubt, from competent evidence introduced at this trial that the size and weight of the blackjack alleged to have been used were such as would be likely to cause death or inflict serious bodily injury in the manner of the use alleged to have been made of said black jack, you cannot find the defendant guilty of assault with a deadly weapon with intent to inflict bodily injury."

This instruction is correct and, in our opinion, renders harmless any error in instruction number 31, which assumes that there was a striking with the blackjack.

■ The evidence in the case is not before us, and we must assume that it was sufficient to support that statement in instruction number 31, and render it nonprejudicial. The court did not err in refusing to grant a new trial.

The judgment and order denying the motion for a new trial should be affirmed.

It is so ordered.

### ON PETITION FOR REHEARING

July 5, 1944.

*Per Curiam:*

Rehearing denied.